978 F.2d 1055
 Daniel Ignatz TRAMP, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-1950.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 9, 1992.
Decided Nov. 3, 1992.
Rehearing and Rehearing En Banc Denied Dec. 8, 1992.
 
 Appellant pro se.
 Bonnie P. Ulrich, Sioux Falls, S.D., for appellee.
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Daniel Ignatz Tramp, a federal prisoner, appeals from the district court's[1] summary dismissal of his 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 We review de novo a district court's interpretation of federal statutes. Arkansas Blue Cross and Blue Shield v. St. Mary's Hospital, Inc., 947 F.2d 1341, 1344 (8th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 2305, 119 L.Ed.2d 227 (1992). The district court properly concluded that Tramp's indictment for conspiracy under 18 U.S.C. § 371 was appropriate. As we have previously noted, the phrase "offenses against the United States" is used by Congress to denote "offenses against the laws of the United States." Thomas v. United States, 156 F. 897, 900-01 (8th Cir.1907). As a result, section 371 does not require a conspiracy against the United States, only a conspiracy to violate the laws of the United States. Id. at 901. Because the government sufficiently alleged that Tramp conspired to violate the mail and wire fraud statutes, the indictment under section 371 for conspiracy was valid. Tanner v. United States, 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987), is inapposite because it only applies to an indictment alleging a conspiracy to defraud the United States.
 
 
 3
 The district court also properly concluded that Tramp did not receive ineffective assistance on any of the grounds alleged. Tramp's sentencing argument is without merit.
 
 
 4
 On October 30, 1984, Congress enacted the Criminal Fine Enforcement Act of 1984 (CFEA). Section 10 of the CFEA made sections 2 through 9 of the act apply to "offenses committed after December 31, 1984." Pub.L. 98-596, § 10, 98 Stat. 3134, 3138 (1984). Section 2 of CFEA, codified at 18 U.S.C. § 3623, provides that an individual convicted of a felony may be fined not more than $250,000. 18 U.S.C. § 3623(a)(3). On November 1, 1987, the CFEA's interim measures were superseded by the final SRA fine provisions, codified at 18 U.S.C. § 3571, which for Tramp's purposes are identical to the fine provisions of the CFEA, and clearly apply to all crimes committed after November 1, 1987. See Pub.L. No. 100-182, § 2(a), 101 Stat. 1266; 130 Cong.Rec. H12,267 (daily ed. Oct. 11, 1984). As a result, while section 3571 did not apply to Tramp's convictions, section 3623, which is virtually identical, did. Therefore, Tramp's counsel properly advised him that if he was convicted on all twenty-eight counts, he could face a fine of up to $7 million.
 
 
 5
 Tramp's claim that he was denied his right to appeal is also meritless. The district court properly concluded that "any error was harmless because Mr. Tramp's asserted grounds for relief [were] without merit."
 
 
 6
 We do not consider Tramp's argument that he was not indicted by a grand jury because he did not raise this issue below. Burris v. First Financial Corp., 928 F.2d 797, 803 (8th Cir.) (failure to raise issue before district court bars attempt to raise issue for first time on appeal), cert. denied, --- U.S. ----, 112 S.Ct. 195, 116 L.Ed.2d 155 (1991).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota