Alvin Floyd THOMPSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 92–2535.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1993.

Decided Jan. 15, 1993.

Publication Ordered March 10, 1993.

---

Pamela S. Thompson, Stratford, CT, for appellant.

Kevin V. Schieffer, Sioux Falls, SD, for appellee.

Before MAGILL, LOKEN, and HANSEN, Circuit Judges.

original panel but took no part in the vote on the suggestion for rehearing *en banc*.

PER CURIAM.

Alvin Floyd Thompson, a federal prisoner, appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion. We affirm.

In 1976, Thompson was convicted of two second degree murders (one in California and one in New Mexico) and one armed robbery (in California). He was incarcerated in California from 1976 until 1984. A few years after Thompson returned to his home state of South Dakota, he was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and he received an enhanced sentence under 18 U.S.C. § 924(e)(1). Thompson's conviction and sentence were affirmed. *United States v. Thompson*, No. 91–2746 (8th Cir. Apr. 7, 1992) (unpublished per curiam).

In March 1992, Thompson filed this section 2255 motion asserting for the first time that, because his civil rights had been restored under the law of South Dakota, where he resided, his previous convictions were not "convictions" as that term is defined under 18 U.S.C. § 921(a)(20) and, therefore, could not serve as the necessary predicate for a conviction under sections 922(g)(1) and 924(e)(1).[2] Thompson relied on two South Dakota statutes.[3] The district court summarily dismissed Thompson's motion, concluding the South Dakota statutes did not apply to him and California law did not restore his civil rights. This timely appeal followed.

■ This court reviews questions of statutory interpretation de novo. *See Tramp v. United States*, 978 F.2d 1055, 1055 (8th Cir.1992) (de novo review of federal statutes); *Christopherson v. Deere & Co.*, 941 F.2d 692, 695 (8th Cir.1991) (de novo review of state statutes).

■ A felony conviction is considered a predicate offense under sections 922(g)(1) and 924(e) if it qualifies as a conviction pursuant to section 921(a)(20):

> What constitutes a conviction ... shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

*See United States v. Ellis*, 949 F.2d 952, 953 (8th Cir.1991). The purpose of section 921(a)(20) is " 'to ensure that when a state restore[s] an ex-felon's right to possess firearms, the federal government ... [will] reciprocate.' " *Bell v. United States*, 970 F.2d 428, 429 (8th Cir.1992) (quoted case omitted).

The district court correctly concluded that neither the state of the predicate conviction nor the state of residence restored Thompson's civil rights. Thompson admits his civil rights were not restored under California law, and he does not assert that New Mexico restored his civil rights. Moreover, South Dakota could not have

1. The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota.

2. The government does not argue that Thompson's claims are procedurally barred because he failed to raise them at sentencing or on direct appeal. Therefore, we address the merits of Thompson's claims. *See Davis v. United States*, 972 F.2d 227, 228 n. 2 (8th Cir.1992).

3. The first statute provides:
A sentence of imprisonment in the state penitentiary for any term suspends the right of the person so sentenced to vote, to hold public office, to become a candidate for public office and to serve on a jury, and forfeits all public offices and all private trusts, authority or power during the term of such imprisonment.... [U]pon the termination of the time of the original sentence ... a defendant's rights withheld by this section are restored. S.D. Codified Laws § 23A–27–35 (1988). The second statute provides that once an inmate is "discharged under the provisions of § 24–5–1, he shall at the time of his discharge be consid-

restored his civil rights when he moved there: the statutory terms ("in the state penitentiary," "rights withheld by this section," and "discharged under the provisions of § 24–5–1") limit restoration of civil rights to South Dakota ex-felons. We decline to review Thompson's claims raised for the first time on appeal. *See Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 768 (8th Cir.1992).

Accordingly, we affirm.

ered as restored to the full rights of citizenship [and] ... shall receive from the secretary of corrections a certificate stating that he has been restored to the full rights of a citizen." S.D. Codified Laws § 24–5–2 (1988).