UNITED STATES of America, Appellee,

v.

Michael A. CAPITO, Appellant.

No. 92–3323.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 19, 1993.

Decided May 6, 1993.

John A. Schlimgen, Sioux Falls, SD, argued for appellant.

Thomas J. Wright, Asst. U.S. Atty., Sioux Falls, SD, argued for appellee.

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

WOLLMAN, Circuit Judge.

Michael A. Capito appeals from the district court's [1] denial of his motion to withdraw his guilty plea. We affirm.

## I.

In 1980, Capito was convicted in California state court of accessory to assault with intent to commit murder, a felony. He was sentenced to three months imprisonment and two years probation. Sometime in the mid–1980s, he moved to Nebraska. In July 1991, he moved from Nebraska to South Dakota and began living a transient lifestyle. On January 22, 1992, Capito was arrested in Vermillion, South Dakota, for possessing a firearm.

A federal grand jury indicted Capito for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Capito pled guilty to the charge. Prior to his sentencing, however, Capito moved to withdraw his guilty plea. Following an evidentiary hearing, the district court denied Capito's motion. The court sentenced Capito to five months' imprisonment, to be followed by five months of supervised release. The district court granted Capito's motion to stay execution of his sentence, and this appeal followed.

## II.

Under Federal Rule of Criminal Procedure 32(d), a defendant does not have an absolute right to withdraw a guilty plea before sentencing. *See, e.g., United States v. Abdullah,* 947 F.2d 306, 311 (8th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1969, 118 L.Ed.2d 569 (1992). Rather, the defendant must establish a fair and just reason for the withdrawal. *Id.* We will reverse a district court's denial of a motion for withdrawal only for abuse of discretion. *Id.*

Title 18 U.S.C. § 922(g)(1) makes it unlawful for any person who has been convicted of a felony, a crime punishable by a term of imprisonment exceeding one year, to possess a firearm. Title 18 U.S.C. § 921(a)(20) limits the felony convictions which can serve as a predicate offense under section 922(g)(1) by providing that any conviction for which a convicted person has had his civil rights restored shall not be considered a conviction for the purposes of section 922(g)(1) unless such restoration of civil rights expressly provides that the person may not possess firearms.

Capito argues that his California conviction does not qualify as a predicate offense under sections 921(a)(20) and 922(g)(1) because his civil rights had been restored before he was arrested for possessing a firearm. His conclusion is based on a progressive three-step argument: (1) he was a resident of South Dakota when he was arrested in Vermillion; (2) because he was a resident of South Dakota at the time of his arrest, South Dakota law determines whether his civil rights had been restored; [2] and (3) South Dakota had, in fact, restored his civil rights.

---

1. The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota.

2. Relying on *United States v. Edwards,* 946 F.2d 1347 (8th Cir.1991), Capito argues that the law of the state where the person resides controls the restoration of civil rights, not the law of the state where the conviction occurred. His argument, however, does not necessarily follow from *Edwards'* holding. In *Edwards* we held that a Minnesota civil rights restoration statute had re-stored the civil rights of a Minnesota resident convicted in federal court in Minnesota. *Id.* We did not reach the question whether the state of residency could restore the civil rights of an individual who had been convicted outside of the state and then only later became a state resident. *Id.* at 1350. Because we decide this case before us on another ground, we too do not reach this issue.

We do not consider Capito's first two propositions, because we find his third claim to be clearly without merit. In arguing that his civil rights had been restored under South Dakota law, Capito relies on two South Dakota statutes. The first statute provides in pertinent part as follows:

A sentence of imprisonment in the state penitentiary for any term suspends the right of the person so sentenced to vote, to hold public office, to become a candidate for public office and to serve on a jury, and forfeits all public offices and all private trusts, authority or power during the term of such imprisonment.... [U]pon the termination of the time of the original sentence ..., a defendant's rights withheld by this section are restored.

S.D. Codified Laws Ann. § 23A–27–35 (1988). The second statute provides as follows:

Whenever any inmate has been discharged under the provisions of § 24–5–1 [which provides the scale for reducing sentences for good conduct], he shall at the time of his discharge be considered as restored to the full rights of citizenship. At the time of the discharge of any inmate under the provisions of this chapter, he shall receive from the secretary of corrections a certificate stating that he has been restored to the full rights of a citizen. If an inmate is on parole at the time he becomes eligible for discharge, the secretary of corrections shall issue a like certificate, which shall be due notice that such inmate has been restored to the full rights of a citizen.

S.D. Codified Laws Ann. § 24–5–2 (Supp. 1992). Based on these statutes, Capito argues that a South Dakota resident's civil rights are automatically restored if he has completed his sentence, regardless of whether he was convicted in South Dakota.

Capito's interpretation of South Dakota's civil rights restoration statutes is foreclosed, however, by *Thompson v. United States,* 989 F.2d 269 (8th Cir.1993) (per curiam). In 1976, Thompson, a native of South Dakota, was convicted of murder and armed robbery in California. *Id.* at 270. He returned to South Dakota in the mid–1980s and was convicted of being a felon in possession of a firearm, in violation of section 922(g)(1). *Id.*

Like Capito, Thompson argued that under sections 23A–27–35 and 24–5–2 his civil rights had been restored when he returned to South Dakota. He therefore contended that his California convictions could not serve as predicate offenses for a section 922(g)(1) conviction. *Id.* at 270. We rejected Thompson's argument. We held that South Dakota's two civil rights restoration statutes had not restored Thompson's civil rights because the statutes restored civil rights only to felons convicted under the laws of South Dakota. *Id.* at 270–71.

Therefore, even assuming, *arguendo,* that Capito was a resident of South Dakota at the time of his arrest and that South Dakota law determines the restoration of his civil rights, we hold that South Dakota has not restored Capito's civil rights because its civil rights restoration statutes apply only to felons convicted in South Dakota state court.

Accordingly, finding that Capito has failed to present a fair and just reason for granting his motion to withdraw his guilty plea, we affirm the district court's denial of the motion.