12 F.3d 1102
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Alvin ENGLEHART, Appellant,
v.
Mary DASOVICK; Engrid Omlid; Robert Coad; Timothy
Schuetzle; State Bonding Fund, Appellees.
 No. 93-2361.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 4, 1993.
Filed: December 7, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alvin Englehart, a North Dakota prisoner, appeals the district court's[1] grant of summary judgment in favor of defendants in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 On April 22, 1992, Englehart visited Dr. Malaktaris, a dentist providing services to the North Dakota State Penitentiary. Noting that Englehart had only ten teeth, Malaktaris suggested dentures. On April 30, 1992, the Medical Payments Committee authorized Malaktaris to provide Englehart with dentures. The committee also noted that Englehart would be required to pay $50 of the $600 cost, but that work could begin on the dentures prior to Englehart's payment of the $50. Although Englehart was mistakenly told that he could get his dentures only after he paid $50, the record does not indicate that he made any pre-payment. On June 17, 1992, Malaktaris received approval to proceed with the dentures, and he commenced work on July 1, 1992. Englehart received his dentures in August 1992.
 
 
 3
 On July 8, 1992, prior to receiving his dentures but after work had begun, Englehart filed this section 1983 action alleging violations of his Eighth and Fourteenth Amendment rights. Defendants moved for summary judgment. Over Englehart's objections, the district court adopted the magistrate judge's[2] report in its entirety and entered judgment for defendants. On appeal, Englehart asserts that the district court abused its discretion in allowing the magistrate judge to make rulings without his consent; that the district court incorrectly denied his Eighth Amendment claims; and that the prison's indigency policy is unconstitutional.
 
 
 4
 Title 28 U.S.C. Sec. 636(b)(1)(B) authorizes district courts to make nonconsensual referrals to a magistrate judge for findings and recommended disposition of section 1983 actions. McCarthy v. Bronson, 111 S. Ct. 1737, 1740 (1991). Englehart's consent to the district court's referral was not required.
 
 
 5
 We review the district court's grant of summary judgment de novo and view the facts in a light most favorable to the non-moving party. Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). To establish an Eighth Amendment claim for inadequate medical care, a prisoner must demonstrate that the prison employees' conduct constituted deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990). As Englehart received his dentures, he can only claim deliberate indifference arising from a delay in receiving them. Ten weeks passed from the time Englehart first contemplated dentures to the time Malaktaris began fitting them. Malaktaris attested that Englehart never complained of any pain or other problems relating to his teeth. Englehart has failed to show that the delay amounted to deliberate indifference. Furthermore, although withholding treatment for a serious medical need in order to compel payment constitutes deliberate indifference, see Fields v. Gander, 734 F.2d 1313, 1314-15 (8th Cir. 1984), prison officials in this case allowed Englehart to receive his dentures before he paid his $50. The district court correctly found that defendants were not deliberately indifferent to Englehart's medical needs.
 
 
 6
 In support of his claim that the prison's indigency policy is unconstitutional, Englehart cites Gluth v. Kangas, 951 F.2d 1504 (9th Cir. 1991). Gluth held that an indigency policy unconstitutionally restricted access to the legal system because it forced inmates to choose between purchasing required personal hygiene items and legal supplies needed to litigate their cases. Id. at 1508-09. While the state has an obligation to provide medical care to prisoners, the Constitution does not dictate how the cost of that care is to be allocated. Estelle, 429 U.S. at 103; City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 245 (1983). Englehart presents no constitutional dilemma: prison officials allowed him to receive dentures without regard to his indigency status and to pay his portion of the cost later. The district court correctly found no constitutional violation. We do not consider Englehart's remaining claims which he raises for the first time on appeal. See Thompson v. United States, 989 F.2d 269, 271 (8th Cir. 1993).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota
 
 
 [2]
 The Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota