**UNITED STATES of America, Appellee,**

v.

**Mark A. NEWSON, Appellant.**

**No. 94–3219.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1994.

Decided Jan. 26, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied March 21, 1995.

---

Shannon Patrick O'Connor, Asst. Federal Public Defender, argued, for appellant.

Michael P. Norris, Asst. U.S. Atty., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FAGG, Circuit Judge, and WILSON,[*] District Judge.

WILSON, District Judge.

Mark Newson appeals from the district court's [1] denial of his motion to withdraw his guilty plea and request for an acceptance-of-responsibility reduction. We affirm.

## I. BACKGROUND

On October 21, 1993, Mark A. Newson was charged, in a two-count indictment, with conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). At his arraignment, Newson tendered pleas of not guilty to the indictment.

On March 15, 1994, pursuant to a written plea agreement, Newson entered a plea of guilty to Count II of the indictment and Count I was dismissed upon motion of the government.

On June 17, 1994, Newson filed *pro se* motions seeking to withdraw his plea of guilty and have new counsel appointed. A hearing on the *pro se* motions was held on July 15, 1994 and the district court denied the request for new counsel and struck the *pro se* motion to withdraw the guilty plea.

---

[*] The HONORABLE WILLIAM R. WILSON, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

On July 20, 1994, Newson's appointed lawyer, Mr. Michael Poepsel, moved to withdraw as counsel for Newson. The district court granted the motion and appointed the Federal Public Defender to represent Newson. Through newly appointed counsel, Newson again moved to withdraw his plea of guilty. Following an evidentiary hearing, the district court denied the motion and sentenced him.

The court determined Newson's Total Offense Level under the United States Sentencing Guidelines to be 26, his Criminal History Category to be I, and his imprisonment range to be 63 to 78 months. Rejecting the Probation Office's recommendation for a three-level reduction for acceptance of responsibility, the court sentenced Newson to 63 months imprisonment, to be followed by five years of supervised release. This appeal followed.

## II. DENIAL OF WITHDRAWAL OF PLEA

█ Newson first argues that the district court erred in denying his motion to withdraw his plea of guilty. It is well settled that a defendant does not have an absolute right to withdraw a guilty plea before sentencing. *See, e.g., United States v. Capito*, 992 F.2d 218, 219 (8th Cir.1993); *United States v. Abdullah*, 947 F.2d 306, 311 (8th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1969, 118 L.Ed.2d 569 (1992). Under Federal Rule of Criminal Procedure 32(d), a defendant must establish a fair and just reason for the withdrawal. *Capito*, 992 F.2d at 219. The determination of whether a defendant has met this burden of proof is within the sound discretion of the trial judge. *United States v. Dixon*, 784 F.2d 855, 856 (8th Cir.1986). Review of a district court's denial of a motion to withdraw a guilty plea is made under an abuse of discretion standard. *Capito*, 992 F.2d at 219.

The record here indicates that the district court conducted a proper Rule 11 hearing at which Newson entered his plea of guilty. Newson concedes that he indicated to the court that he made an intelligent waiver of his right to trial, that he was satisfied with his lawyer's representation, that he and counsel had discussed all available defenses, and that he understood the possible punishments. Newson further stated that he understood that any defenses he might have asserted at trial were now "gone." As we have previously stated, "Rule 11 proceedings are not an exercise of futility. The plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom." *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir.1992). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.' " *Id.* (quoting *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir.1971)).

Newson submits that his motion to withdraw his guilty plea did present a "fair and just reason" for withdrawal and that the district court's findings to the contrary are in error. He asserts that, in pleading guilty, he based his decision on inaccurate information given him by his lawyer and that, after entering his plea, he got accurate information which convinced him that his plea had been ill-advised. He alleges that his appointed counsel was ineffective in researching the case and in preparing a defense. He contends that his counsel's ineffectiveness prevented him from making an intelligent, knowing waiver of his right to trial, thus establishing a fair and just reason for withdrawal of his guilty plea.

In support of this contention, Newson argues that appointed counsel failed to properly analyze the defense of entrapment, and improperly assessed its potential for success at trial. He asserts that the evidence reveals that his attorney was incorrect in his conclusion that entrapment was not a potentially successful defense. Newson further argues that counsel failed to adequately assess Newson's sentencing exposure if he were convicted at trial, thereby misleading Newson in weighing his options of trial versus a guilty plea. Specifically, Newson alleges that Mr. Poepsel advised him that he would subject himself to a possible ten-year mandatory minimum sentence if he were convicted at trial, because the government might prove more cocaine was involved in his drug transaction.

At the hearing on Newson's motion for withdrawal of his guilty plea, the district court found that the plea had been voluntarily made and had not been induced by fraud or mistake, imposition, misrepresentation, or misapprehension. Thus, the court denied the motion for withdrawal, finding that Newson failed to establish the required fair and just reason.

■ In addressing Newson's claim that counsel incorrectly assessed the strength of his entrapment defense, the district court, while not commenting on the merits of the defense, found that Newson was aware of the entrapment defense and voluntarily waived such defense at the change of plea hearing. The court's finding in this respect is supported by the record.

Newson submits that, although he knew of the possibility of asserting an entrapment defense, the vital issue is whether his attorney properly analyzed the defense and its potential for success. He maintains that he was misled by his attorney to believe that this defense "would not fly" for him because the evidence did not support his contention that he was not predisposed to commit the offense charged. He asserts that several important factors were not considered by his attorney in evaluating his defense.

We cannot say that the factors asserted necessarily improve the strength of Newson's entrapment defense. Furthermore, Newson's failure to assert any objections to his counsel's performance at the change-of-plea hearing, despite his knowledge then of the factors he now submits as relevant, "refutes any claim of ineffective assistance of counsel as a basis for withdrawing his plea." *United States v. Abdullah,* 947 F.2d 306, 312 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1969, 118 L.Ed.2d 569 (1992).

■ With regard to Newson's assertion that his counsel incorrectly gave him the impression that he would face a more severe sentence by going to trial, the district court first determined that proof with respect to the relevant amount of cocaine remained an open question. The quantity of drugs to be included as relevant conduct is a determination of fact for the district court. *United States v. Lewis,* 987 F.2d 1349, 1356 (8th Cir.1993). We will not second-guess the district court's finding that the relevant amount of drugs could have become an issue at trial. While the government stipulated to the relevant amount in the plea agreement, it might have attempted to prove additional amounts had the case gone to trial. It appears questionable, based on the record, whether the government could have produced any evidence that Newson had access to larger quantities of cocaine so that his sentencing range would have been increased. However, the district court was in the best position to judge the facts based on the evidence presented and its finding that the relevant amount of drugs was an issue is not clearly erroneous.

Moreover, the district judge discredited Newson's testimony that he believed he could face a ten-year minimum at trial. He credited Mr. Poepsel's testimony that, although he had been concerned over, and discussed with Newson, the possibility of a heavier sentence if Newson went to trial, he had advised Newson of the improbability of a heavier sentence and had informed him that he would most likely face a mandatory minimum of five years with either a trial or a plea. Again, the district court was in the best position to judge the witnesses' credibility, to resolve any inconsistencies in the testimony, and to determine the facts based on the evidence presented. We conclude that the court's findings that Newson was not misled by his counsel, and thus had presented no fair and just reason for withdrawal, are supported by the record and are not clearly erroneous.

Accordingly, we find that the court, in denying Newson's motion to withdraw his plea of guilty, did not abuse its discretion.

## III. DENIAL OF ACCEPTANCE–OF–RESPONSIBILITY REDUCTION

■ Newson next asserts that the district court erred in failing to give him credit for acceptance of responsibility as recommended by the Probation Office.

The Sentencing Guidelines provide for a two-level reduction for acceptance of responsibility where a defendant "clearly demonstrates acceptance of responsibility for his

offense." U.S.S.G. § 3E1.1(a). Where the original offense level is greater than 16, the defendant gets an additional one-level reduction if he qualifies for the initial two-level reduction, and has assisted authorities in the investigation or prosecution of his own misconduct by timely providing complete information to the government, or has timely notified authorities of his intention to enter a plea of guilty. U.S.S.G. § 3E1.1.

The district court determined that Newson had admitted commission of the acts charged; but that, by attempting to withdraw his guilty plea, Newson had failed to admit the essential element of intent. The court, therefore, concluded that Newson had not clearly demonstrated acceptance of responsibility.

■ Newson argues that he was entitled to a three-level reduction for acceptance of responsibility because he admitted his role in the offense charged and stipulated to all of the facts submitted by the government, regardless of his subsequent attempt to withdraw the plea and rely on the defense of entrapment. Newson further submits that the district court's denial of a reduction in this case was based on a question of law, specifically the proposition that a defendant who asserts entrapment is not entitled to an acceptance-of-responsibility reduction, and, therefore, argues that we should conduct a de novo review of this issue.

■ Whether to grant a reduction for acceptance of responsibility is for the trial judge to decide. "[T]he district court is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Furlow*, 980 F.2d 476, 476 (8th Cir.1992) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 2353, 124 L.Ed.2d 261 (1993). "[E]ven a guilty plea does not guarantee a reduction." *United States v. Clair*, 934 F.2d 943, 946 (8th Cir.1991). We review a district court's findings of fact with respect to a denial of a motion for an acceptance-of-responsibility reduction under the clearly erroneous standard. *United States v. Miller*, 951 F.2d 164, 165 (8th Cir.1991).

In this case, the district court made a specific finding of fact that the appellant had not demonstrated acceptance of responsibility because he continued to contend that "he committed the offense ... only for the reason [that] somebody else tricked him into doing it." We disagree with the appellant's interpretation of this finding as a conclusion of law. The district judge based his denial of the reduction on the particular facts of the appellant's case and the appellant's continued denial of the essential element of intent. The court correctly applied § 3E1.1, and its decision is not clear error.

## IV. CONCLUSION

For the reasons stated, we affirm the judgment of the sentencing court.