UNITED STATES of America, Appellee,

v.

Keith KIRKLAND, Appellant.

No. 94–3180.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 3, 1996.

Decided Jan. 24, 1997.

Neil H. Jaffee, Assistant Federal Public Defender, argued the cause, for appellant, with whom A.J. Kramer, Federal Public Defender, Washington, DC, was on the briefs.

Andrew C. Phelan, Assistant United States Attorney, argued the cause, for appellee, with whom Eric H. Holder, Jr., United States Attorney, John R. Fisher, Thomas J. Tourish, Jr., and Richard L. Edwards, Assistant United States Attorneys, Washington, DC, were on the brief.

Before: SILBERMAN, WILLIAMS, and GINSBURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge SILBERMAN.

SILBERMAN, Circuit Judge:

Keith Kirkland challenges his sentence for distributing a controlled substance within 1,000 feet of a school. He argues that the district court erred by refusing to consider a reduction for acceptance of responsibility solely because he put on a defense of entrapment. We affirm.

## I.

Appellant was arrested following his sale of crack cocaine to DEA Agent Ronald Woods. The sale had been arranged by a confidential informant, Durrell Wheeler, who knew appellant. The government's evidence showed that Agent Woods and Wheeler parked in an undercover car and paged appellant, who arrived at the scene and completed a sale of more than 80 grams of crack to Woods. Kirkland defended on the ground that he was entrapped. He admitted that he had sold the drugs to Woods, but testified that he only did so because he was induced by a threat on his life from Wheeler. To counter the government's evidence on predisposition, he claimed that he had no prior experience as a drug dealer, that he was unfamiliar with how drugs are sold, and that

he simply followed Wheeler's instructions in completing the sale.

The jury rejected Kirkland's entrapment defense and convicted him of distributing 50 or more grams of crack, *see* 21 U.S.C. § 841(a)(1) (1994); *id.* § 841(b)(1)(A)(iii), and of distributing a controlled substance near a school, *see* § 860(a). Kirkland's presentencing report did not recommend a reduction for acceptance of responsibility because he "state[d] that he was entrapped." At sentencing, defense counsel argued that Kirkland's admission to the *conduct* that led to his conviction warranted the two-level reduction, and the following exchange took place:

> DEFENSE COUNSEL: .... I think even though Mr. Kirkland went to trial in this matter—and in fact he testified—I think that he accepted responsibility, and I don't think that his testimony was any different to that effect. He admitted to giving the undercover officer the drugs.
>
> THE COURT: He said he was entrapped.
> ...
> I don't regard that as ... acceptance of responsibility.
>
> DEFENSE COUNSEL: Your Honor, I don't think that because a person legitimately claims a legitimate defense, that in claiming that, that he somehow is not accepting responsibility for what he did. My understanding of what he said was he explained why he did it. He didn't say he didn't do it. He said, I did it. That's accepting responsibility. That's a knowing act of what he did.
>
> He only explained to the court *why* he did it. I don't think that going forward with a legitimate defense is an indication indicating that he does not accept responsibility.
>
> THE COURT: That is the most absurd argument I have ever heard.

The district judge vacated Kirkland's crack distribution conviction as a lesser-included offense of his conviction for distributing a controlled substance near a school, and, based on an offense level of 36, sentenced him to 210 months in prison and 10 years of supervised release. This appeal followed.

## II.

■ Kirkland contends that the district court's categorical rejection of his claim for an acceptance-of-responsibility sentence reduction is impermissible; the judge is only authorized to deny the request if he finds, taking into account all the circumstances, that an entrapment defense *in this case* is inconsistent with acceptance of responsibility. Yet his counsel does not explain what it is about the "circumstances" of this case that should have led the judge to conclude that appellant accepted responsibility. As best we understand appellant, he is asserting that because he admitted he performed the actual acts with which he was charged, that should be sufficient to gain the downward departure. That would of course be true any time a defendant asserts an entrapment defense.

We have previously rejected challenges to the sentencing court's refusal to reduce a defendant's offense level for acceptance of responsibility when the defendant has claimed entrapment. *See, e.g., United States v. Spriggs,* 102 F.3d 1245, 1263 & n.5 (D.C.Cir.1996); *United States v. Thomas,* 97 F.3d 1499, 1500–01 (D.C.Cir.1996); *United States v. Layeni,* 90 F.3d 514, 523–24 (D.C.Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 783, 136 L.Ed.2d 726 (1997). But in *Spriggs, Layeni,* and *Thomas,* we reviewed the sentencing judges' determinations, in light of the particular circumstances at issue, and determined in each case that the judge had not abused his discretion. The government contends that the district judge here similarly did not reject the acceptance-of-responsibility reduction as *per se* inconsistent with an entrapment defense; rather, he, like the sentencing judges in *Spriggs, Layeni,* and *Thomas,* made a "factual finding" rejecting the adjustment "based on the facts and circumstances." We think that interpretation is difficult to square with the judge's remarks in response to defense counsel's argument. The district judge certainly rebuffed, out of hand, defense counsel's claim that in determining whether defendant accepted responsibility the crucial factor is only whether (not why) the defendant admitted that he did the act charged.

■ Section 3E1.1 of the sentencing guidelines provides that the sentencing judge should decrease the offense level by two "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." The Commentary accompanying § 3E1.1 explains that the reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *See* Application Note 2; *see also United States v. Jones*, 997 F.2d 1475, 1478 (D.C.Cir.1993) (en banc) (the reduction should normally be denied to the "defendant who does not plead guilty"), *cert. denied*, 510 U.S. 1065, 114 S.Ct. 741, 126 L.Ed.2d 704 (1994). The Commentary also makes clear, however, that "[i]n rare situations" a defendant is not precluded from the reduction if he exercises his right to trial. *See also United States v. Mitchell*, 49 F.3d 769, 783–84 (D.C.Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 327, 133 L.Ed.2d 228 (1995). A defendant who does not deny the relevant conduct of the offense but instead bases a defense on a claim *unrelated* to "factual guilt," such as "a constitutional challenge to a statute" or its application, may be eligible for the reduction, depending on the sentencing judge's assessment of whether he has demonstrated the requisite contrition. *See* Application Note 2.

It seems rather obvious that the entrapment defense is a way of challenging one "factual element[ ] of guilt"—intent. It has been generally held that a defendant's challenge to the requisite intent is just another form of disputing culpability. *See M'Naghten's Case*, 8 Eng. Rep. 718, 722–23 (1843); *Davis v. United States*, 160 U.S. 469, 484, 16 S.Ct. 353, 356–57, 40 L.Ed. 499 (1895); *Sorrells v. United States*, 287 U.S. 435, 452, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932); *see generally* PAUL H. ROBINSON, CRIMINAL LAW DEFENSES, § 25, at 91–101 & n.5 (1984). And the Supreme Court has thrice held that the defense of entrapment is based on a recognition that Congress could not have intended to punish an individual who did not intend to commit the criminal act but instead was in-

duced to do so. *See United States v. Russell*, 411 U.S. 423, 435–36, 93 S.Ct. 1637, 1644–45, 36 L.Ed.2d 366 (1973); *Sherman v. United States*, 356 U.S. 369, 372, 78 S.Ct. 819, 820–21, 2 L.Ed.2d 848 (1958); *Sorrells*, 287 U.S. at 451, 53 S.Ct. at 216. As *Russell* made clear, a defendant's entrapment defense is not based on a claimed violation of due process (a sort of estoppel notion, *compare United States v. Moore*, 104 F.3d 377, 382 (D.C.Cir.1997) (Silberman, J., concurring)). Rather, the defendant essentially is claiming that his free will was overborne, and therefore the government cannot establish criminal intent.

A claim of entrapment, moreover, appears particularly inconsistent with a demonstrated acceptance of responsibility. The defendant, by asking for the downward departure, is in effect claiming that he accepts responsibility even though he was not responsible for his acts. To put it as we recently did, "to say, '[i]t's not my fault but I accept responsibility' is to engage in self-refutation." *Thomas*, 97 F.3d at 1501 (quoting *United States v. Demes*, 941 F.2d 220, 222 (3d Cir.), *cert. denied*, 502 U.S. 949, 112 S.Ct. 399, 116 L.Ed.2d 348 (1991)).[1] We therefore quite understand the district judge's reaction. To be sure, the Third Circuit, affirming a district judge's denial of an acceptance-of-responsibility downward departure in an entrapment case, suggested it could "hypothesize a case in which a plea of entrapment would not be inconsistent with the acceptance of responsibility." *Demes*, 941 F.2d at 222. The court did not, however, set forth the hypothetical, and we frankly, despite our fondness for hypotheticals, cannot. Nor do we understand exactly why the Sixth Circuit in *United States v. Fleener*, 900 F.2d 914, 918 (6th Cir.1990), decided that a district judge who granted a departure for accepting responsibility despite an entrapment defense did not commit error. The court merely stated that since "[s]ection 3E1.1(b) allows the sentencing judge to consider a reduction for acceptance of responsibility regardless of whether the

---

**1.** In *Thomas,* we found it unnecessary to determine whether an entrapment defense was a bar to an acceptance-of-responsibility downward departure because the defendant offered no words of contrition.

defendant pled guilty or not guilty[,] . . . an entrapment defense should be treated similarly." *Id.*[2]

Similarly, the Ninth Circuit has insisted that a district court may not deny a downward departure "solely" on grounds that an entrapment defense is inconsistent with acceptance of responsibility. *See United States v. Davis,* 36 F.3d 1424, 1435 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995); *United States v. Molina,* 934 F.2d 1440, 1450–51 & nn.12–13 (9th Cir.1991). (Although in each case, the court easily determined that "the record" supported the sentencing judge's decision to deny the reduction. *See Davis,* 36 F.3d at 1436; *Molina,* 934 F.2d at 1451.) Like the Sixth Circuit, the Ninth bases its view on the Guidelines' admonition that a defendant not be denied the reduction "automatically" in any situation in which the defendant goes to trial. But the Ninth Circuit also does not explain why an entrapment defense should not be thought of as an effort to challenge one of the "essential factual elements of guilt" (intent). *Compare United States v. Castner,* 50 F.3d 1267, 1280 (4th Cir.1995) (affirming district court's denial of reduction where defendant, "by denying his intent to defraud, did not completely accept responsibility for all of his criminal conduct"); *United States v. Crass,* 50 F.3d 81, 84 (1st Cir.1995) ("*[I]ntent,* like any other essential element of the crime charged, may not be contested by the defendant without jeopardizing a downward adjustment for 'acceptance of responsibility' in the event" the defendant is found guilty); *United States v. Martinson,* 37 F.3d 353, 357–58 (7th Cir.1994) (reversing the district court's awarding of the reduction where defendant "steadfastly maintained . . . that

he lack[ed] any criminal intent"), *cert. denied,* —— U.S. ——, 115 S.Ct. 1256, 131 L.Ed.2d 136 (1995); *United States v. Simpson,* 995 F.2d 109, 112 (7th Cir.1993) ("Where a defendant persists in asserting entrapment, she cannot also claim acceptance of responsibility.").

It may be that a situation could be presented in which an entrapment defense is not logically inconsistent with a finding of a defendant's acceptance of responsibility, even though we doubt it (that three of our sister circuits seem to think so is sufficient reason to be somewhat cautious), but certainly defense counsel's argument before the district court did not raise it. All that he claimed, which caused the district judge to label the argument absurd, was that a finding of acceptance of responsibility could and should rest *only* on defendant's admission that he performed the acts in question; that defendant contested an element of the crime— intent—did not undermine his claim. We think the district court was clearly correct (not just lacking clear error) in rejecting such an argument.

\* \* \* \*

Kirkland raises other claims on appeal that do not warrant discussion in a published opinion. The judgment of the district court is affirmed.

---

**2.** The Sixth Circuit in *Fleener* pointed out that the defendant "turned over [incriminating evidence] to agents at the time the search warrant was executed," an action that the court thought appropriate to rely upon in light of the acceptance-of-responsibility Commentary's reference to "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense." *Id.* (quoting U.S.S.G. § 3E1.1, Application Note 1(e)). This was enough for the court to affirm the district court, without considering the overriding cautionary statement, noted above, that the reduction is not intended to apply at all where the defendant contests his factual guilt.