No. 95-3522

United States of America,          *
                                   *
          Plaintiff - Appellee,    *
                                   *  Appeal from the United States
     v.                            *  District Court for the
                                   *  Western District of Missouri.
Donnie D. DeHart,                  *          [UNPUBLISHED]
                                   *
          Defendant - Appellant.   *


Submitted:  December 10, 1996

Filed:  February 26, 1997


Before FAGG, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

PER CURIAM.


        Appellant Donnie D. DeHart pleaded guilty to violating 21 U.S.C. §§
841(a)(1), 846 (1994), by conspiring to manufacture and distribute
methamphetamine.  The only issue in this appeal is whether the district
court[1] committed error when it denied DeHart's motion to withdraw his plea
prior to sentencing.  Because refusal of this request was clearly within
the court's discretion, we affirm.


I.  BACKGROUND

        On May 2, 1995, the district court accepted DeHart's plea of guilty
to one count of conspiring to manufacture and distribute methamphetamine,
a violation of 21 U.S.C. §§ 841(a)(1), 846.

---

        [1]The HONORABLE FERNANDO J. GAITAIN, JR., United States
District Judge for the Western District of Missouri.

Almost four months later, but prior to his sentencing, DeHart filed with the court a motion to withdraw his plea. Underlying this request was DeHart's allegation that the Presentence Investigation Report ("PSI"), which he had received in late July, contained "new" information revealing that his former girlfriend, Kim Fletcher, was the confidential informant the Government had consulted during its investigation. According to DeHart, Fletcher was herself intimately involved in the illegal drug distribution enterprise, and he wished to proceed to trial in order to raise an entrapment defense based on her conduct. The district court denied the motion, and DeHart appeals that decision.

## II. DISCUSSION

A criminal defendant does not possess an absolute right to retract a guilty plea prior to sentencing, but must instead demonstrate a "fair and just reason" for the withdrawal. See Fed. R. Crim. P. 32(e); United States v. Capito, 992 F.2d 218, 219 (8th Cir. 1993). A district court's denial of a motion to withdraw is subject to review under the abuse of discretion standard. See Capito, 992 F.2d at 219.

In this case, DeHart sought to withdraw his guilty plea in order to raise an entrapment defense at trial.[2] It is evident, however, that this defense would have been wholly lacking in merit. A defendant is entitled to a jury instruction on entrapment only if he produces evidence that "(1) government agents implanted the

---

[2]To justify retraction of a plea based on a desire to present a defense at trial, the defendant must show that the defense was "previously unknown or unavailable." Cf. United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992). This is an interesting standard to apply where, as here, the asserted defense was patently frivolous, and thus equally unavailable, both before and after the defendant filed the motion to withdraw. We merely note that we seriously question whether the PSI, as claimed, included information that was new to DeHart.

2

criminal design in his mind, and (2) government agents induced him to commit the offense." United States v. Huff, 959 F.2d 731, 737 (8th Cir.), cert. denied, 506 U.S. 855 (1992). In his motion to withdraw, DeHart completely failed to assert facts substantiating his ability to meet either of these two elements. DeHart acknowledged under oath that he was not an unwilling participant in the criminal conspiracy, and it appears that he would have been able to show, at most, the unsurprising fact that the confidential informant was "just as culpable" as he was. This falls far short of the sort of proof necessary to convince reasonable jurors that entrapment has occurred.

Because DeHart could not, under the circumstances alleged, have prevailed on the proffered defense, he did not even begin to present the district court with a fair and just reason for withdrawing his plea. As such, the court did not abuse its discretion by denying DeHart's motion.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's denial of DeHart's motion to withdraw his guilty plea.

AFFIRMED.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3