# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1748

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Russell Francis Chevre, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 11, 1998
Filed: July 15, 1998

_____

Before BEAM, ROSS, and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

Russell Chevre appeals from his conviction and sentence for possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a). Chevre argues that the district court[1] erred in refusing to compel the government to identify a confidential informant, refusing to suppress an incriminating statement, and refusing to grant a downward departure for acceptance of responsibility. We affirm.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

# I.

In late summer of 1996, Agent Timothy J. Shanley, then a Special Agent for the Minnesota Bureau of Criminal Apprehension (BCA), began investigating Chevre for violations of Minnesota state law. In early October 1996 a confidential reliable informant (CRI) approached Shanley and informed him that Chevre had asked the CRI to distribute methamphetamine. On October 11, 1996, the CRI told Shanley that Chevre intended to deliver between eight ounces and one pound of methamphetamine to the CRI. Shanley and other state officers then set up surveillance at the proposed meeting site. Although Chevre arrived at the designated location, the CRI did not appear and did not complete the drug transaction. As Chevre attempted to leave, Shanley instructed members the surveillance team to arrest him. Shanley's team seized approximately eight ounces of methamphetamine and approximately $5000 in cash from Chevre. They read Chevre his <u>Miranda</u> rights and transported him to the Ramsey County Jail.

On October 12, 1996, Shanley visited Chevre at the Ramsey County Jail for approximately ten minutes. Shanley did not repeat the <u>Miranda</u> warning, but discussed the possibility of Chevre cooperating with Shanley in an ongoing investigation. When Shanley left, he gave his business card to Chevre so that Chevre could call him. Chevre was released later that afternoon, pending further investigation.

On October 14, 1996, Chevre called Shanley and met with him at the BCA. Shanley gave Chevre another <u>Miranda</u> warning and recorded their subsequent discussion. During this post-<u>Miranda</u> warning discussion, Chevre admitted that he was carrying approximately eight ounces of methamphetamine and $5800 in cash at the time of his arrest. Chevre told Shanley that he obtained the methamphetamine from Miguel Navarro, a man that he met at the beginning of the summer of 1996. Chevre admitted that he had purchased multiple-ounce quantities of methamphetamine from Navarro on eight to ten different occasions before Chevre's arrest. Navarro charged Chevre $1000

per ounce of methamphetamine, and Chevre always resold the methamphetamine on the street. After the discussion concluded, Chevre did not cooperate further with Shanley.

Four months later, in February 1997, Shanley was assigned to a federal Drug Enforcement Agency Task Force. On August 20, 1997, Chevre was indicted by a federal grand jury with one count of possessing with intent to distribute methamphetamine on October 11, 1996. Both prior to and during trial, Chevre moved to compel the government to disclose the identity of the CRI. Chevre also filed a motion to suppress his statement given to Shanley on October 14, 1996. The district court denied Chevre's motions. At trial, Chevre did not testify, but his counsel argued that Chevre was entrapped by the CRI. The jury ultimately convicted Chevre, and the court sentenced him to ninety-seven months imprisonment. When sentencing Chevre, the court refused to grant him a downward departure under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. Chevre now appeals.

## II.

Chevre first argues that the district court abused its discretion in denying his motion to compel disclosure of the CRI's identity. We disagree.

This Court reviews the district court's decision to deny Chevre's motion to compel disclosure of the CRI for an abuse of discretion. See United States v. Fairchild, 122 F.3d 605, 609 (8th Cir. 1997), cert. denied, 118 S. Ct. 1086 (1998). Chevre bears the burden of demonstrating a need for the disclosure, see United States v. Moore, 129 F.3d 989, 992 (8th Cir. 1997), cert. denied, 118 S. Ct. 1402 (1998), and petition for cert. filed, (Mar. 10, 1998), and disclosure is typically not required when the informant "merely convey[s] information to the government but neither witness[es] nor participat[es] in the offense." United States v. Harrington, 951 F.2d 876, 878 (8th Cir. 1991). To obtain disclosure, Chevre must show that disclosure "would be relevant and

helpful to the defense or essential to a fair trial." United States v. Hayes, 120 F.3d 739, 743 (8th Cir. 1997) (quotations omitted). Because "[m]ere speculation fails to meet this burden," Fairchild, 122 F.3d at 609, Chevre must make some evidentiary showing demonstrating that the CRI's disclosure would have aided his defense. See United States v. Sykes, 977 F.2d 1242, 1246 (8th Cir. 1992); see also United States v. Prescott, 125 F.3d 845, 1997 WL 584304, at *2 (2d Cir. 1997) (unpublished) (stating that a "defendant must, at the very least, make some evidentiary showing demonstrating why the informant's testimony is significant to determining [his] guilt or innocence"), cert. denied, 118 S. Ct. 1377 (1998).

Chevre has not articulated any reasons to explain how the CRI's disclosure would have helped him present an entrapment defense. Indeed, Chevre did not even testify in an effort to substantiate this defense. See United States v. Gonzales, 606 F.2d 70, 75-76 (5th Cir. 1979) ("While a defendant's silence is not inherently inconsistent with a defense of entrapment, such silence cannot provide the grounds for disclosure." (citation omitted)). Chevre merely speculates that the information obtained from the CRI would have been relevant to a presentation of an entrapment defense, but such speculation is insufficient to require disclosure. See United States v. Grisham, 748 F.2d 460, 464 (8th Cir. 1984) (stating that "more than speculation" is required to compel disclosure of an informant); see also United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir. 1985) (per curiam) (defendant claiming entrapment must introduce evidence of entrapment before government will be required to disclose informant); United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984) (per curiam) ("The mere allegation of entrapment, however, is not alone sufficient to justify allowing the appellants access to the informant."); Gonzales, 606 F.2d at 75 ("Disclosure based upon mere speculation as to the relevancy of an informant's testimony is inappropriate given defendant's burden of production.").

Moreover, here, as in Gonzales, "the record is replete with evidence demonstrating [the defendant's] predisposition and willingness to engage in" the

-4-

charged crime.  Id. at 76.  During the several months preceding his arrest, Chevre purchased methamphetamine from Navarro on at least eight different occasions.  On each occasion, Chevre purchased a multiple-ounce quantity of methamphetamine so that he could resell it on the street for a profit.  The CRI did not even contact Shanley until October 1996, after Chevre had already been dealing regularly with Navarro.

In sum, Chevre "has presented no evidence that disclosure of the informant's name would have aided his defense."  Sykes, 977 F.2d at 1246.  Accordingly, the district court did not abuse its discretion in refusing to compel disclosure of the CRI.[2]

## III.

Chevre also contends that the district court should have suppressed his incriminating statement made to Shanley on October 14, 1996.  Chevre argues that Shanley violated 18 U.S.C. § 3501(c) and Federal Rule of Criminal Procedure 5(a) by failing to timely present him to a federal magistrate judge for an initial appearance after his arrest.  This argument is meritless.  Chevre was arrested by state officers for violations of state law.  No federal officers or agents participated in Chevre's arrest or in Shanley's investigation of Chevre.  Therefore, neither Rule 5(a) nor 18 U.S.C. § 3501(c) apply to Chevre's October 1996 arrest and subsequent confession.  See United States v. Alvarez-Sanchez, 511 U.S. 350, 358 (1994) (18 U.S.C. § 3501(c)); United States v. Pugh, 25 F.3d 669, 674 (8th Cir. 1994) (18 U.S.C. § 3501(c) and Rule 5(a)).

---

[2]We also note that Chevre's counsel, during oral argument, admitted that he was aware of the CRI's identity before trial and that he had attempted to subpoena the CRI to attend trial.  Accordingly, even if we were to conclude that the district court abused its discretion in refusing to compel disclosure, the error would be harmless.  See United States v. Cochran, 697 F.2d 600, 607 (5th Cir. 1983) (no reversible error where defense counsel knew, prior to trial, the informant's identity); United States v. Hargrove, 647 F.2d 411, 414 (4th Cir. 1981) (no error where defendant knew informant's identity and had worked with informant).

Moreover, because Chevre's statement was clearly voluntary, suppressing it would have constituted error. See United States v. Clarke, 110 F.3d 612, 615 (8th Cir. 1997). Accordingly, the district court did not err in refusing to suppress Chevre's incriminating statement.

## IV.

Chevre also argues that the district court erred in refusing to grant a downward departure under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. Chevre urges this Court to ignore his assertion of entrapment, and contends that he should receive this departure solely because he admitted to Shanley that he engaged in the conduct underlying his conviction. We reject this contention.

A defendant may receive a reduction for acceptance of responsibility if he "demonstrates a recognition and affirmative responsibility for the offense and sincere remorse." United States v. Clair, 934 F.2d 943, 946 (8th Cir. 1991) (quotations omitted). "Whether to grant a reduction for acceptance of responsibility is for the trial judge to decide. The district court is in a unique position to evaluate a defendant's acceptance of responsibility." United States v. Newson, 46 F.3d 730, 734 (8th Cir. 1995). "For this reason, the determination of the sentencing judge is entitled to great deference on review . . . ." United States v. Johnson, 879 F.2d 331, 335 (8th Cir. 1989) (quotations omitted).

We have previously upheld a district court's refusal to reduce a sentence offense level for acceptance of responsibility when the defendant has argued entrapment. See Newson, 46 F.3d at 734.[3] Despite the fact that Chevre admitted to Shanley that he

_____

[3]In Newson, the district court made a specific finding of fact that the defendant, by presenting the entrapment defense, contended "that 'he committed the offense . . . only for the reason [that] somebody else tricked him into doing it.'" 46 F.3d at 734

possessed with intent to distribute methamphetamine, Chevre's election to argue an entrapment defense--even though dubious and ultimately unsuccessful--clearly shows that he did not accept responsibility for the crime of conviction. See United States v. Kirkland, 104 F.3d 1403, 1405-06 (D.C. Cir.) (defendant alleging entrapment cannot receive downward departure for acceptance of responsibility on the sole basis that he admitted committing the conduct leading to conviction), cert. denied, 117 S. Ct. 1857 (1997). We believe that "[w]here a defendant persists in asserting entrapment, she cannot also claim acceptance of responsibility." United States v. Simpson, 995 F.2d 109, 112 (7th Cir. 1993); see also Kirkland, 104 F.3d at 1405-06 (when defendant presents an entrapment defense, a downward departure for acceptance of responsibility may not rest solely on the basis that defendant admitted performing the acts in question); United States v. Hansen, 964 F.2d 1017, 1021-22 (10th Cir. 1992) ("It is difficult for this Court to envision how the defendant argues that he affirmatively accepted responsibility for his criminal action when throughout the proceedings he maintained that his criminal action was not his fault, but rather, it was the result of government inducement."). Because Chevre claimed entrapment, he failed to "demonstrate[] a recognition and affirmative responsibility for the offense and sincere remorse." Clair, 934 F.2d at 946 (quotations omitted). Accordingly, the district court did not err in refusing to grant Chevre a downward departure for acceptance of responsibility.

## V.

For the foregoing reasons, the district court is AFFIRMED in all respects.

---

(alteration in original). In this case, the district court did not make any such finding of fact.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.