UNITED STATES of America, Appellee,

v.

Torrence GIPSON, also known as John Crosswell, also known as Terrance Gipson, Appellant.

Nos. 92–1132, 92–3306.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 28, 1992.

Decided Feb. 4, 1993.

violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e)(1). Because of Gipson's three previous felonies, the district court[1] sentenced him to the fifteen-year mandatory minimum sentence provided by 18 U.S.C. § 924(e)(1), to be followed by three years of supervised release. On appeal, Gipson argued that his prior Illinois convictions could not be used as predicate offenses for the purposes of section 924(e)(1), because his civil rights had been restored unconditionally within the meaning of 18 U.S.C. § 921(a)(20). We retained jurisdiction and remanded the case to the district court with directions to consider Gipson's claim. On remand, the district court denied Gipson's challenge to his conviction and sentence. We now affirm.

## I.

On February 24, 1991, officers from the Devils Lake, North Dakota Police Department responded to a domestic disturbance in a trailer park. The officers arrested Gipson at the scene and took him to the Law Enforcement Center. When emptying Gipson's pockets in the course of making an inventory of his possessions, the police found three .22 caliber cartridges. In their subsequent search of Gipson's trailer, they recovered a .22 rifle, which records indicate Gipson had purchased from the K–Mart store in Devils Lake on December 1, 1990.

## II.

Title 18 U.S.C. § 922(g) provides, in pertinent part, that "[i]t shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess ... any firearm ... which has been shipped or transported in interstate or foreign commerce." If an individual convicted under 18 U.S.C. § 922(g) has three previous convictions for violent felonies committed on distinct occasions, 18 U.S.C. § 924(e)(1) provides that he "shall be fined not more than $25,000 and imprisoned not less than fifteen years."

Kevin B. Spaeth, Grand Forks, ND, for appellant.

Gary Annear, First Asst. U.S. Atty., Fargo, ND, for appellee.

Before WOLLMAN, Circuit Judge, BRIGHT and ROSS, Senior Circuit Judges.

WOLLMAN, Circuit Judge.

Torrence Gipson, who had previously been convicted on three violent felonies, was convicted of possessing a firearm, in

1. The Honorable Paul Benson, United States District Judge for the District of North Dakota.

At the time of his arrest on the present charge, Gipson had been convicted of three violent felonies in Cook County, Illinois, committed respectively on June 8, 1976, June 21, 1976, and October 1, 1978. On March 21, 1984, he was issued an Order for Discharge with respect to those convictions.

For a felony conviction to be considered a predicate offense under 18 U.S.C. § 924(e), it must fit within the statutory definition in section 921(a)(20). *United States v. Ellis*, 949 F.2d 952, 953 (8th Cir.1991). Section 921(a)(20) provides, in pertinent part:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for the purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

We have noted that for a person to have his civil rights restored by a state for the purposes of section 921(a)(20), the relevant state must actually have restored the felon's right to possess firearms. *Ellis*, 949 F.2d at 953; *United States v. Traxel*, 914 F.2d 119, 123 (8th Cir.1990). *Accord, United States v. Ramos*, 961 F.2d 1003, 1008–09 (1st Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 364, 121 L.Ed.2d 277 (1992).

Gipson's March 21, 1984, Order for Discharge relieved him of his sentence obligations and restored his rights to vote and administer estates. The order did not, however, mention a restoration of his right to bear firearms. Likewise, the order did not grant Gipson a pardon or unconditionally restore his civil rights. Accordingly, we examine Illinois law to determine whether the state actually restored Gipson's right to possess a firearm.

Gipson cites two separate Illinois statutory provisions in support of his argument that Illinois restored his civil rights, including his right to possess a firearm, when he was discharged from his underlying felony convictions, namely, Ill.Ann.Stat. ch. 38, ¶ 1005–5–5 (Smith–Hurd 1982) and Ill.Ann. Stat. ch. 38, ¶ 83–4 (Smith–Hurd 1977).

■ At the time Gipson received his Order for Discharge, Ill.Ann.Stat. ch. 38, ¶ 83–4 provided that ex-felons could apply for a firearm owner's identification card after a five-year waiting period. The district court found nothing in the record to indicate that Gipson had made such an application or that possession of a firearm owner's identification card "is tantamount to the restoration of the specific civil right allowing possession of a firearm." District Court Memorandum and Order of September 28, 1992, at 3. We agree with the district court's interpretation of this statute.

Gipson also relies upon Ill.Ann.Stat. ch. 38, ¶ 1005–5–5 (Smith–Hurd 1982), which restores certain license rights and privileges lost as a result of a criminal conviction. Although the statute discusses the restoration of a discharged felon's right to vote and hold public office, it makes no specific mention of his right to possess a firearm. The Seventh Circuit addressed the issue in *United States v. Erwin*, 902 F.2d 510, 512–13 (7th Cir.), *cert. denied*, 498 U.S. 859, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990), and held that paragraph 1005–5–5 restores only the right to vote and to hold office, but not the right to possess or carry firearms. The district court followed *Erwin* and held that paragraph 1005–5–5 did not restore Gipson's right to possess firearms within the meaning of 18 U.S.C. § 921(a)(20). We agree.

We have considered the other arguments raised by Gipson and we find them to be without merit.

The judgment of the district court is affirmed.