**UNITED STATES of America, Appellee,**

v.

**Larry LOWE, Appellant.**

**Nos. 93–3015, 93–3980.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 8, 1994.

Decided March 27, 1995.

Andrea K. George, Minneapolis, MN, argued, for appellant.

James E. Lackner, Minneapolis, MN, argued, for appellee.

Before HANSEN, Circuit Judge, HEANEY and JOHN R. GIBSON, Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge.

Larry Lowe appeals from his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) (1988) and 924(e) (1988 & Supp. V 1993). Lowe argues that Minnesota law restored his civil rights on four of five prior violent felony convictions, and, thus, he was not an armed career criminal for purposes of 18 U.S.C. § 924(e). He also appeals two orders of the district court [1]: the first refusing to suppress a video tape as exceeding the scope of a search warrant; the second denying his motion to return property seized under the same warrant. We affirm the sentence and conviction and find it unnecessary to reach the appeal on the motion for return of property.

Lowe was indicted for distributing cocaine and cocaine base in violation of 21 U.S.C. § 841 (1988 & Supp. V 1993). He was arrested and a search warrant issued, authorizing seizure of "[a]ddress books, photographs, and other items that tend to show co-defendants or co-conspirators" and "[i]tems of personal identification." Officers searched Lowe's home and seized various items, including forty rounds of .22 ammunition and a canvas bag containing video tapes. One video tape was labelled with Lowe's street name and showed Lowe in his back yard in Minnesota with several other people carrying, loading and posing with two rifles and a shotgun,

one of which was fired. The tape also showed the guns being taken to and from the duplex in which Lowe lived.

After viewing the video tape, the prosecutor filed a superseding indictment, which contained two additional counts: one charging Lowe as a felon in possession of the two rifles shown on the video tape, in violation of 18 U.S.C. § 922(g) and § 924(e)(1), and one charging Lowe with possession of ammunition under the same statutes. Section 922(g) generally generally prohibits those "who ha[ve] been convicted" of "a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm or ammunition. 18 U.S.C. § 921(a)(20) (1988) defines "[w]hat constitutes a conviction." [2] If a person previously convicted of three violent felonies violates section 922(g), that person "shall be ... imprisoned not less than fifteen years." 18 U.S.C. § 924(e).

Before trial, Lowe moved to sever the drug charges from the firearm charges and to suppress the video tape as exceeding the scope of the search warrant. The district court denied Lowe's motion to suppress, granted Lowe's motion to sever, and, upon the government's motion, dismissed the drug charges. At trial, the jury convicted Lowe of the firearm charge and acquitted him of the ammunition charge. The video tape was the government's only evidence that Lowe possessed a firearm.

The district court sentenced Lowe as an armed career criminal under 18 U.S.C. § 924(e) based on four Illinois convictions for robbery or burglary and one Minnesota conviction for burglary. Because Lowe had at least three previous convictions which were "punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), his present firearm conviction under section 922(g) carried a statutory mandatory mini-

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

2. Section 921(a)(20) provides:
What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has

been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

mum sentence of fifteen years. 18 U.S.C. § 924(e)(1). The district court sentenced Lowe to the minimum imprisonment, followed by three years of supervised release.

Following his conviction, Lowe moved for a return of the items seized in execution of the search warrant. The district court denied the motion because Lowe's appeal was still pending.

## I.

■ The only issue in this case is whether Lowe's civil rights have been restored, thus preventing the court's consideration of his previous convictions for purposes of imposing the mandatory minimum sentence. The threshold issue is which law applies for restoration purposes: the law of the state of conviction, Illinois, or the law of Lowe's present residence, Minneapolis. This presents a question of statutory interpretation, which we review de novo. *Thompson v. United States*, 989 F.2d 269, 270 (8th Cir.1993). Lowe argues that the laws of the state of residence determine whether his civil rights have been restored for purposes of 18 U.S.C. §§ 921(a)(20) and 924. He argues that, under *United States v. Edwards*, 946 F.2d 1347 (8th Cir.1991), the State of Minnesota can restore the civil rights of a Minnesota resident convicted of a federal felony, and that, although this court has never decided directly whether a state can restore the civil rights of a resident convicted in another state, our analyses in *Edwards* and *Thompson*, 989 F.2d 269, mandate a holding that Minnesota can restore civil rights lost due to out-of-state convictions as well.[3]

■ In *Edwards*, we held that a state may restore the civil rights of a federal felon because the "restoration of civil rights" under section 921(a)(20) was not limited by the preceding statutory language regarding the

"law of the jurisdiction in which the proceedings were held." 946 F.2d at 1349–50 (quoting 18 U.S.C. § 921(a)(20)). *Accord United States v. Geyler*, 932 F.2d 1330, 1334–35 (9th Cir.1991) (also holding that the exemption clause and the choice of law clause should be read separately in the context of a state's restoration of a federal felon's civil rights); *see also Thompson*, 989 F.2d at 270–71 (holding that South Dakota could not restore a resident felon's civil rights due to statutory limitations). However, following oral argument in this case, the Supreme Court rejected the reasoning in *Edwards* and *Geyler*. *Beecham v. United States*, —— U.S. ——, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994) (decided May 16, 1994) (consolidated review of *United States v. Jones*, 993 F.2d 1131 (4th Cir.1993) and *United States v. Beecham*, 993 F.2d 1539 (4th Cir.1993). Following the Supreme Court's decision and additional briefing in this case, it is evident that Minnesota cannot remove the disabilities imposed upon Lowe by his Illinois convictions, *see id.* at ——, 114 S.Ct. at 1670, and, therefore, that Lowe's conviction must stand for purposes of section 922.

■ In *Beecham*, two federally-convicted felons claimed that their civil rights had been restored by states. *Id.* at ——, 114 S.Ct. at 1670. In holding that "state restoration of civil rights [can] not undo the federal disability flowing from a federal conviction," *id.* (restating the Fourth Circuit's holding, with which it agreed), the Supreme Court addressed the conflict between the Fourth Circuit's rulings in *Beecham* and *Jones*, and the contrary decisions in *Edwards* and *Geyler*. *Id.* at ——, 114 S.Ct. at 1670–72. The Supreme Court rejected our reading of 18 U.S.C. § 921(a)(20) in *Edwards*, 946 F.2d at 1349–50, and held that the choice of law clause contained in section 921(a)(20) re-

---

**3.** The Minnesota restoration statute is automatic and plenary. Minn.Stat. § 609.165 (1994); *United States v. Traxel*, 914 F.2d 119, 123 (8th Cir. 1990) (as limited after 1987 by section 609.165, subdivision 1a). In contrast, Illinois' restoration of the right to possess a firearm is more stringent. *See United States v. Gipson*, 985 F.2d 412, 414 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 81, 126 L.Ed.2d 50 (1993). In *Gipson*, we used the defendant's three Illinois felony convic-

tions to enhance his sentence as an armed career criminal when he was arrested and tried in federal district court in North Dakota. *Id.* at 413–14. Although Gipson's Order of Discharge from the Illinois penal system restored his rights to vote and administer estates, because the order did not specifically restore his right to possess a firearm, we held that that right had not been restored. *Id.*

quires that the law of the convicting jurisdiction determine both whether a conviction is a qualifying conviction to be considered under section 922, and whether the conviction is exempt from consideration because that person "has had civil rights restored." 18 U.S.C. § 921(a)(20); *Beecham,* —— U.S. at ——–——, 114 S.Ct. at 1671–72.[4] Only the convicting jurisdiction can restore civil rights to a convicted felon for purposes of section 921(a)(20). Illinois has not restored Lowe's civil rights.[5] Accordingly, we affirm Lowe's conviction.

## II.

■ Next, Lowe argues that the district court should have suppressed the video tape showing him with the guns because its seizure exceeded the scope of the search warrant. We must affirm the district court's denial of the motion to suppress "unless it is not supported by substantial evidence on the record; it reflects an erroneous view of the applicable law; or, upon review of the entire record, [we] are left with the definite and firm conviction that a mistake has been made." *United States v. Layne,* 973 F.2d 1417, 1420 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1011, 122 L.Ed.2d 160 (1993). The district court properly admitted the tape.

■ The language of a search warrant must describe the items to be seized with sufficient particularity: "the language must be sufficiently definite to enable the searcher to reasonably ascertain and identify the things authorized to be seized." *United States v. Saunders,* 957 F.2d 1488, 1491 (8th Cir.), *cert. denied* —— U.S. ——, 113 S.Ct. 256, 121 L.Ed.2d 187 (1992). The standard is one of "practical accuracy," recognizing that the specificity required hinges on the circumstances of each case. *United States v. Strand,* 761 F.2d 449, 453 (8th Cir.1985) (citations omitted).

The search warrant here authorized the seizure of, among other things:

6. Address books, photographs, and other items that tend to show co-defendants or co-conspirators.

7. Items of personal identification, such as letter [sic], utility bills, driver's licenses, passports, etc., to show constructive possession of any controlled substances found at the above described address.

■ The video tape meets both of these descriptions: it depicted Lowe with other people; it was labelled with Lowe's street name, making it a form of identification linking Lowe with his street name; and, it linked Lowe with the duplex filmed and later searched. *Cf. United States v. Lucas,* 932 F.2d 1210, 1215–16 (8th Cir.) (holding that an answering machine tape was sufficiently described as a "record"), *cert. denied,* 502 U.S. 949, 112 S.Ct. 399, 116 L.Ed.2d 348 (1991). The failure of the warrant to anticipate the precise form in which pictorial identification of Lowe or possible co-defendants would appear is not fatal. *Accord United States v. Gomez–Soto,* 723 F.2d 649, 655 (9th Cir.) (quoted with approval in *Lucas,* 932 F.2d at 1216), *cert. denied,* 466 U.S. 977, 104 S.Ct. 2360, 80 L.Ed.2d 831 (1984). The video tape was properly seized and admitted into evidence.

## III.

Finally, Lowe argues that the district court erred in denying return of the property seized during the search. In its brief, the government states that it will return the non-contraband items to Lowe if Lowe's conviction is affirmed. Because we affirm, the government should return all non-contraband items to Lowe.

As a final word, we wish to acknowledge that Lowe has received vigorous and capable

---

4. Lowe does not argue that Minnesota restored his civil rights with respect to the Minnesota conviction, as he had not completed that sentence prior to the currently charged conduct.

5. In her supplemental brief, Lowe's counsel asserted that, since Illinois can not prevent Lowe's possession of a handgun in Minnesota, Illinois

has "restored" Lowe's civil rights. This simply recasts the argument that the laws of the resident state govern restoration. The Supreme Court's decision in *Beecham* requires that Illinois law govern. —— U.S. at ——–——, 114 S.Ct. at 1670–72. Illinois has not restored Lowe's right to possess a firearm. *See Gipson,* 985 F.2d at 414.

representation from counsel, who also represented Edwards in his appeal.