United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 95-4124

Raymond Jaeger,                          *
                                         *
            Appellant,                   *
                                         *
      v.                                 *    Appeal from the United States
                                         *    District Court for the
Dubuque County, Iowa; Alan Pearson;      *    Norther District of Iowa.
Fred H. McCaw; Dennis Avenarius; Ken     *
Runde; Don Vrotsos; Joe Sanfilippo;      *         [UNPUBLISHED]
Bradley E. Azeltine; Paul Buss,          *
                                         *
            Appellees.                   *


_____

Submitted:  April 30, 1997
    Filed:   May 29, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Raymond Jaeger appeals from the district court order[1] granting summary judgment to defendants in Jaeger's 42 U.S.C. § 1983 action based on an allegedly

---

[1] The Honorable Mark W. Bennett, United States District Court for the Northern District of Iowa.

unconstitutional search and seizure and an injunction allegedly obtained without due process. We affirm.

Jaeger asserted that his property was searched pursuant to a warrant that was not supported by probable cause, and did not describe the property seized with sufficient particularity. He also claimed that defendant Dubuque County prosecuting attorney Fred McCaw had obtained a permanent injunction preventing Jaeger from physically entering, mortgaging, or otherwise using his property as desired, without providing Jaeger notice of or an opportunity to be heard regarding this injunction.

This court reviews "a grant of summary judgment de novo, applying the same standard as the district court: whether the record, viewed in a light most favorable to the non-moving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam).

We agree with the district court that the search warrant, which was based on the personal observations of investigating officers from the Dubuque County Sheriff's Department and the information provided by a confidential informant, was supported by probable cause. See United States v. Robertson, 39 F.3d 891, 892 (8th Cir. 1994) ("probable cause" is "fair probability that contraband or evidence of a crime will be found in a particular place") (quoting United States v. Tagbering, 985 F.2d 946, 949 (8th Cir. 1993)), cert. denied, 115 S. Ct. 1812 (1995); Illinois v. Gates, 462 U.S. 213, 230-31 (1983) (totality-of-circumstances employed in determining probable cause). We also agree with the district court that the warrant described the items to be seized with sufficient particularity. See United States v. Lowe, 50 F.3d 604, 607 (8th Cir.) (search warrant's language "must be sufficiently definite to enable the searcher to reasonably ascertain and identify the things authorized to be seized")(quoting United States v. Saunders, 957 F.2d 1488, 1491 (8th Cir.), cert. denied, 506 U.S. 889 (1992)), cert. denied, 116 S. Ct. 260 (1995).

Finally, we conclude summary judgment was proper on Jaeger's claim McCaw violated his due process rights by obtaining the injunction, as the claim was based on Jaeger's own incorrect assumptions about the injunction's force and effect.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.