# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2322

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Randall Lee Gamble, | * |
| | * |
| Appellee. | * |

Appeals from the United States
District Court for the Western
District of Missouri.

_____

No. 99-2323

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Nadine Wenig, | * |
| | * |
| Appellee. | * |

_____

Submitted: November 17, 1999

Filed: December 6, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

FAGG, Circuit Judge.

On April 5, 1997, Springfield, Missouri police officers executed a search warrant on Randall Lee Gamble's and Nadine Wenig's residence. Gamble and Wenig later challenged evidence discovered during the search, claiming the search violated the Fourth Amendment because the officers did not knock and announce themselves before entering. Testimony given at the suppression hearing showed that an officer announced "Police, Search Warrant" and, almost simultaneously, kicked the door with enough force to have opened it. Rader also testified that at the same moment the officer kicked, someone inside the residence opened the door and the officers entered the residence. The district court found the officer's kick was a no-knock violation under the Fourth Amendment and granted the motion to suppress. The Government appeals.

The Government contends the district court improperly applied the knock and announce rule because the rule is not violated when "an occupant of the residence to be searched opened the door after the police announced their presence and purpose and before a forcible entry." It is well-settled that an officer must first give "notice of his office and purpose" and "be refused admittance" before making a forcible entry into a private dwelling. Mo. Rev. St. § 544.200 (1994); accord 18 U.S.C. § 3109 (1994); United States v. Goodson, 165 F.3d 610, 614 n.2 (8th Cir.), cert. denied, 119 S. Ct. 2385 (1999); State v. Bryson, 506 S.W.2d 358, 361 (Mo. 1974). One purpose of the knock and announce rule is to give occupants time to answer the door before a forcible entry is made. See United States v. Schenk, 983 F.2d 876, 879 (8th Cir. 1993). If an occupant voluntarily admits officers, no impermissible forcible entry has occurred. See United States v. Thomlinson, 897 F.2d 971, 972-73 (8th Cir. 1990). The record before the district court contained evidence of both a forcible entry, an officer's kick, and a peaceable entry, an occupant voluntarily opening the door. Without determining which act caused the door to open, the district court found that:

whether an occupant inside the house was opening or had begun to open the door when [the officer] began to kick the door does not negate the no-knock violation that occurred.  The fact remains that, without knocking, the officer announced "Police, Search Warrant," and then, almost at the same time, began to kick the door.  The Court notes, furthermore, that Officer Rader testified that he believed [the] kick would have, in itself, pushed the door open.  The Court finds that a no-knock entry was made the minute [the officer] began to kick the door.  Therefore, the "knock and announce" requirement was not met, Defendant's Fourth Amendment rights were violated, and the evidence must be suppressed.

We conclude that proper application of the knock and announce rule requires the district court to determine whether the officer's kick caused the door to open, making this entry forcible under the knock and announce rule, or whether an occupant voluntarily admitted the officers, making this entry voluntary for purposes of the knock and announce rule.  We thus vacate the order granting the motion to suppress and remand to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.