**UNITED STATES of America,
Plaintiff,**

v.

**Douglas Eugene GLEICH, Defendant.**

**No. C1–03–056.**

United States District Court,
D. North Dakota,
Southwestern Division.

Dec. 4, 2003.

Chad Rory McCabe, Vinje Law Firm, Bismarck, ND, for Defendant.

Clare R. Hochhalter, U.S. Attorney's Office, Bismarck, ND, for Plaintiff.

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

HOVLAND, Chief Judge.

Before the Court is the Defendant's Motion to Suppress evidence found as a result of three search warrants executed on February 6, 13, and 19, 2003. The Defendant sets forth six grounds for the suppression of the evidence: (1) the first and third search warrants were overbroad; (2) the officers exceeded the scope of the first search warrant, (3) the officers did not have probable cause to obtain the second warrant; (4) the officers failed to knock and announce their presence when executing the second search warrant; (5) a *Franks* violation invalidated the third warrant; and (6) the evidence should be excluded under the fruit of the poisonous tree doctrine. The Government resists the Defendant's Motion to Suppress and contends that the Defendant's Fourth Amendment rights were not violated by the search and seizure of his property. For the reasons set forth below, the Court denies the motion to suppress.

## I. BACKGROUND

On February 6, 2003, the Mercer County Social Services office received a complaint of suspected child abuse and referred the allegation to a North Dakota Bureau of Criminal Investigation ("BCI") Agent, Phil Pfennig. Agent Pfennig met with the 12–year–old complainant on the same day. The child told Agent Pfennig that the defendant, Douglas Gleich ("Gleich"), had shown the child pornographic images on Gleich's computer and in magazines. The child also reported that Gleich had photographed the child in sexually explicit poses and had sexually assaulted the child.

Based on this information, Agent Pfennig had Gleich's residence secured while he sought a search warrant. In the application and affidavit for a search warrant, Agent Pfennig stated that he had probable cause to believe:

> that the home and/or computer may contain corroborating evidence of the sex crimes or independent evidence of the crime of promoting obscenity to minors and/or possession or distribution of certain photographs or other visual representations prohibited.

Subsequently, state District Court Judge Gail Hagerty issued a search warrant, finding that in

the home of Doug Gleich located at 405 1st St. SW, City of Beulah, and in the personal computer contained in the home:

there is now being concealed property, more particularity described on the attached "Exhibit A" which constitutes evidence of the commission of a criminal offense, contraband, the fruits of crime or things otherwise criminally possessed, or property designed or intended for the use or which is or has been used as the means of committing a criminal offense, and as I am satisfied that there is probable cause to believe that the property so described is being concealed in the property above described as well as magazines, communications, photographs depicting pornographic material. . . .

Exhibit A included the following listing of items.

1. Photographs, pictures, visual representations, or videos in any form that include sexual conduct by a minor, as defined by N.D.C.C. 12.1–27.2–01(4).

2. Photographs, pictures, visual representations, or videos in any form that depict children posing for a camera.

3. Computer, and all peripherals, including hard drive, floppy discs, CD–Roms, computer components, scanners, CD burners, keyboard, monitor, cables, instruction manuals for hardware and software, and passwords.

4. Printed e-mails, chat, letters, subscription information or other documentation relating to the above.

5. Cameras, digital cameras, photos, negatives, undeveloped film, memory chips, downloading or docking stations for a digital camera.

The search warrant was executed on February 6, 2003, at approximately 9:10 p.m. Numerous items were seized including several computer discs, a Compaq Presario Laptop serial number, 1V91CFKC60XA and its case, a Gateway Tower serial number 007961892, and a Gateway Tower serial number 0026502269. A Sony Mavica digital camera was also found but it was not seized because it did not contain a portable disk.

The next day the seized items were turned over to BCI Agent Tim Erickson for forensic examination. During the forensic examination, Agent Erickson recovered photos of the child on the computer that appeared to have been taken with a Sony digital camera. Agent Pfennig then applied for a second search warrant on February 13, 2003, in order to seize the Sony Mavica camera. In support of the second search warrant, Agent Pfennig filed an application and affidavit which stated, in relevant part as follows:

4. . . . Specifically, the affidavit is in support of an application to seize and search a digital camera believed to be located in the home.

5. I feel that I have probable cause to believe that the home may contain corroborating evidence of the sex crimes or independent evidence of the crime of promoting obscenity to minors, possession or distribution of certain photographs or other visual representation prohibited and/or promoting or directing a sexual performance by a minor.

6. My belief that the home described above in paragraph 4, the digital camera set forth also in paragraph 4 contain evidence of a crime is based on the following:

That on 02/06/03, S/A Pfennig received a search warrant for the Doug Gleich residence, where there were items seized to include computers. That on those computers existed photographs taken with a digital camera showing young males of approximately 12–16 years of age in sexually explicit positions. That during the execution of the search warrant on 02/06/03, S/A Pfennig observed a digital camera at the scene which was not taken as evidence at the time. That based on information later received from S/A Tim Erickson of the NDBCI, he is able to determine by analysis of the computer image and the camera, if a digital photograph was taken with a specific camera.

That same day, February 13, 2003, state District Court Judge Burt Riskedahl issued a search warrant, finding that in

the home of Dough Gleich located at 405 1st St. SW, City of Beulah:

there is now being concealed property more particularly described as [a] digital camera[s].

The second search warrant was executed on February 13, 2003, and the Sony Mavica camera was seized.

On February 18, 2003, Agent Erickson informed Agent Pfennig that, while conducting forensic examination of the computers for evidence of sex crimes against the child, he had discovered images of the child and other images of what appeared to be child pornography. Agent Erickson stopped the forensic examination, and a third search warrant was sought.

In support of the third search warrant, Agent Pfennig stated that he had

probable cause to believe that the computers containing corroborating evidence of the sex crimes or independent evidence of the crime of promoting obscenity to minors, possession or distribution of certain photographs or other visual representations prohibited and/or promoting or directing a sexual performance by a minor.

Agent Pfennig further stated that his belief that the computers contained evidence of a crime was based on the following:

That on 02/06/03, S/A Pfennig received a search warrant for the Doug Gleich residence, where there were items seized to include computers. That the initial search warrant required the NDBCI to conduct an analysis of those computers. That during the initial analysis of those computers, photographs found included children appearing to be between the ages of six and sixteen engaged in sexual acts. Attached hereto and made a part hereof as "Exhibit A" is two copies of photos printed during the analysis. These exhibits depict child pornography. That you affiant is requesting a search warrant to search those seized computers for child pornographic material, as the scope of the initial affidavit and search warrant did not include information pertaining to the child pornography discovered. That once this child pornography was discovered, the analysis of the computers was suspended so as to attempt to obtain an additional search warrant allowing for the further search for child pornography.

On February 19, 2003, state District Court Judge Bruce Haskell issued a search warrant, finding that in

the personal computers of Doug Gleich which had been seized pursuant to a previous search warrant and are currently in the custody of the NDBCI: there is now being concealed property more particularly described as photographs, pictures, visual representations, or videos in any form that include sexual conduct by a minor, as defined by N.D.C.C. 12.1–27.2–01(1) and/or (4), or children posing for a camera . . .

The third search warrant was executed on February 19, 2003, by Agent Erickson. The expanded forensic examination resulted in numerous images of other children that appeared to be child pornography.

## II. *LEGAL ANALYSIS*

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. Const. amend. IV.

### A. *FIRST AND THIRD SEARCH WARRANTS WERE NOT OVER-BROAD*

■ Gleich first asserts that the February 6 and 19, 2003, search warrants were overbroad. He contends that the search warrants did not specify which computer files were to be seized or searched. The Government responds that the search warrants satisfy the particularity requirement of the Fourth Amendment.

■ "To satisfy the particularity requirement of the fourth amendment, the warrant must be sufficiently definite to enable the searching officers to identify the property authorized to be seized." *United States v. Horn*, 187 F.3d 781, 788 (8th Cir.1999) (citing *United States v. Strand*, 761 F.2d 449, 453 (8th Cir.1985)). "The degree of specificity required will depend on the circumstances of the case and on the type of items involved." *Id.* "A warrant naming only a generic class of items may suffice if the individual goods to be seized cannot be more precisely identified at the time that the warrant is issued." *Id.* (citing *United States v. Johnson*, 541 F.2d 1311, 1314 (8th Cir.1976)). "[T]he requirement that a search warrant describe its objects with particularity is a standard of 'practical accuracy' rather than a hypertechnical one." *United States v. Peters*, 92 F.3d 768, 769–70 (8th Cir.1996) (quoting *United States v. Lowe*, 50 F.3d

604, 607 (8th Cir.1995)). "[A] description is generally valid 'if it is as specific as the circumstances and nature of activity under investigation permit.' " *United States v. Martin*, 866 F.2d 972, 977 (8th Cir.1989) (quoting *United States v. Kail*, 804 F.2d 441, 445 (8th Cir.1986)).

The February 6, 2003, search warrant authorized a search of "the home of Doug Gleich located at 405 1st St SW, City of Beulah, and in the personal computer contained in the home" for the items set forth in Exhibit A. The first set of items listed in Exhibit A summarizes the type of material the officers were authorized to seize—namely "Photographs, pictures, visual representations, or videos in any form that include sexual conduct by a minor, as defined by N.D.C.C. 12.1–27.2–01(4)." The search warrant also authorized the search and seizure of the other items listed in Exhibit A, i.e., computer equipment, printed materials, and digital camera equipment. The "Evidence Inventory and Receipt" details the items seized from Gleich, including a note, books, disks, three computers, and film. The seizure of these items was precisely what the February 6, 2003, search warrant authorized.

Although Gleich contends that the February 6, 2003, search warrant needed to more specifically list which computer files were to be searched, the search warrant clearly identified that the computers were to be searched for "Photographs, pictures, visual representations, or videos in any form that include sexual conduct by a minor, as defined by N.D.C.C. 12.1–27.2–01(4)." The Court finds such a description is sufficient to meet the particularity requirement of the Fourth Amendment. *See United States v. Koelling*, 992 F.2d 817, 821 (8th Cir.1993) (holding that when a warrant described the sought for material as defined by statute, the warrant meets the particularity requirement of the Fourth Amendment).

As to the February 19, 2003, search warrant, Gleich advances the same argument. Once again, the search warrant itself clearly sets forth with particularity the type of items authorized by the search warrant—"photographs, pictures, visual representations, or videos in any form that include sexual conduct by a minor, as defined by N.D.C.C. 12.1–27.2–01(1) and/or (4), or children posing for a camera." Again, the Court finds that such a description is sufficient to meet the particularity requirement of the Fourth Amendment. *See United States v. Koelling,* 992 F.2d 817, 821 (8th Cir.1993).

## B. *THE OFFICERS DID NOT EXCEED THE SCOPE OF THE FIRST SEARCH WARRANT*

Gleich contends that the February 6, 2003, search warrant authorized the seizure of only one computer and that the seizure of three computers grossly exceeded the scope of the search warrant. Gleich also contends that the search warrant did not authorize the examination of the files stored within the computer or on the discs found at his residence. The Government responds that all the computers were covered by the search warrant.

"[T]he requirement that a search warrant describe its objects with particularity is a standard of 'practical accuracy' rather than a hypertechnical one." *United States v. Peters,* 92 F.3d 768, 769–70 (8th Cir.1996) (quoting *United States v. Lowe,* 50 F.3d 604, 607 (8th Cir.1995)). The wording of a search warrant and the known circumstances giving rise to the search may lead reasonable law enforcement officials to believe that the items seized were of such an incriminating nature as to constitute contraband or evidence of criminal activity. *Walden v. Carmack,* 156 F.3d 861, 873 (8th Cir.1998). "[T]he mere fact that the items seized

were not described in the warrant does not justify their suppression." *United States v. Golay,* 502 F.2d 182, 184 (8th Cir.1974).

While Agent Pfenning may have anticipated finding only one personal computer in Gleich's home, the Court does not read the search warrant so narrowly as to limit the search and seizure to only one computer. The February 6, 2003, search warrant clearly authorized law enforcement officers to search Gleich's home *and* personal computer and to seize the items that could contain "Photographs, pictures, visual representations, or videos in any form that include sexual conduct by a minor, as defined by N.D.C.C. 12.1–27.2–01(4)" described in Exhibit A. All three personal computers were found in Gleich's home, and all three computers could have contained the items described in Exhibit A. Thus, the Court finds that the officers did not exceed the scope of the February 6, 2003, search warrant when they seized three personal computers from Gleich's home.

Gleich's other contention that the February 6, 2003, search warrant did not authorize a search of the computer files found on either the computers themselves or the discs found at his residence is without merit. The February 6, 2003, search warrant clearly authorized the search of the computer and the computer files contained within the computer and on the additional discs found at the Gleich residence. Any other interpretation of the search warrant would be nonsensical. Thus, the Court expressly finds that the February 6, 2003, search warrant authorized the forensic examination undertaken by Agent Erickson.

## C. *THE OFFICERS HAD PROBABLE CAUSE TO OBTAIN THE SECOND WARRANT*

Gleich contends that there was no connection between the photographs and

the digital camera. The Government responds that Agent Pfennig's affidavit set forth the connection between the photographs and the digital camera.

■ "Probable cause means a 'fair probability that contraband or evidence of a crime will be found in a particular place,' given the circumstances set forth in the affidavit." *United States v. Horn*, 187 F.3d 781, 785 (8th Cir.1999) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)); *see also United States v. Walker*, 324 F.3d 1032, 1038 (8th Cir.2003); *United States v. Oropesa*, 316 F.3d 762, 766 (8th Cir.2003). Whether probable cause exists depends upon the totality of the circumstances. *See United States v. Oropesa*, 316 F.3d 762, 766 (8th Cir.2003); *see also Walden v. Carmack*, 156 F.3d 861, 870 (8th Cir.1998) (stating that "search warrant applications should be read with common sense and not in a grudging, hyper-technical manner"). When reviewing the sufficiency of an affidavit supporting a search warrant, considerable deference is accorded to the issuing judicial officer. *See United States v. Fulgham*, 143 F.3d 399, 401 (8th Cir.1998); *see also United States v. Oropesa*, 316 F.3d 762, 766 (citing *Illinois v. Gates*, 462 U.S. 213, 236, 238–38, 103 S.Ct. 2317, 76 L.Ed.2d 527).

Gleich's contention that there was no connection between the images retrieved from his computer and the Sony Mavica camera is without merit. In his affidavit and application to obtain the February 13, 2003, search warrant, Agent Pfennig stated that "based on information received from S/A Time Erickson of the NDBCI, he is able to determine by analysis of the computer image and the camera, if a digital photograph was taken with a specific camera." In addition, the February 6, 2003, search warrant specifically authorized the search and seizure of "digital cameras" as listed in Exhibit A. The Court finds that after reviewing the totality of the circumstances, the February 13, 2003, search warrant was supported by probable cause.

■ Gleich also contends that the seven days that had passed since the execution of the February 6, 2003, warrant made this information stale. The Government asserts that the information was not stale.

■ There is no formula for determining when information has become stale. *United States v. Horn*, 187 F.3d 781, 786 (8th Cir.1999). "The timeliness of the information supplied in an affidavit depends on the circumstances of the case, including the nature of the crime under investigation; the lapse of time is least important when then suspected criminal activity is continuing in nature and when the property is not likely to be destroyed or dissipated." *Id.* "[T]he vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." *United States v. Koelling*, 992 F.2d 817, 822 (8th Cir.1993). "Time factors must be examined in the context of a specific case and the nature of the crime under investigation." *Id.*

Gleich's contention that the information used to obtain the February 13, 2003, search warrant was stale is without merit. A mere seven days had passed since the execution of the February 6, 2003, warrant. In this intervening period, Agent Erickson discovered the digital images of the child, which appeared to be taken with a Sony digital camera, and determined that he would be able to tell whether the images were taken with the Sony Mavica camera located during the February 6, 2003, search. Given these circumstances, the Court finds that the information used to obtain the February 13, 2003, search warrant was not stale.

## D. THE OFFICERS DID KNOCK AND ANNOUNCE THEIR PRESENCE WHEN EXECUTING THE SECOND SEARCH WARRANT

■ Gleich also contends that Agent Pfennig did not properly "knock and announce" his presence when he executed the February 13, 2003, search warrant. The Government responds that no forcible entry was made and that Agent Pfenning knocked before being admitted into Gleich's home.

■ As the United States Supreme Court has recently opined, the purpose of the knock-and-announce rule is to "give a person inside the chance to save his door." *United States v. Banks,* —— U.S. ——, 124 S.Ct. 521, —— L.Ed.2d —— (2003). "It is well-settled that an officer must first give 'notice of his office and purpose' and 'be refused admittance' before making a forcible entry into a private dwelling." *United States v. Gamble,* 198 F.3d 672, 673 (8th Cir.1999).

In this case there was not a forcible entry. According to his report, Agent Pfenning knocked on Gleich's door. Gleich answered the door and Agent Pfennig provided Gleich with a copy of the search warrant. Agent Pfenning then retrieved the digital camera and gave Gleich a receipt for it. Because there was no forcible entry, there was no need for Agent Pfenning to "announce his office and purpose" when he knocked on Gleich's door. The Court is not aware of any authority which requires law enforcement officers to announce their office and purpose each and every time they knock on a suspect's door. In any event, Gleich has not alleged that a forcible entry was made or that he refused to let Agent Pfennig into his home to execute the February 13, 2003, search warrant. As such, the Court expressly finds that any failure by Agent Pfennig to announce his presence and purpose when he knocked on Gleich's door did not in any way invalidate the subsequent search and seizure of the Sony Mavica digital camera.

## E. THERE WAS NO FRANKS VIOLATION AS TO THE THIRD WARRANT

■ Gleich also contends that a *Franks* violation invalidated the February 19, 2003, search warrant. The Government responds by stating that the information supplied by Agent Pfennig in his affidavit in support of the February 19, 2003, search warrant was not untrue or reckless.

■ A search warrant may be deemed invalid if the issuing judicial officer's probable cause determination was based upon an affidavit containing a deliberate or reckless falsehood. *See United States v. Box,* 193 F.3d 1032 (8th Cir.1999) (citing *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). A defendant challenging such a warrant must make a substantial preliminary showing that the false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. *Id.* If the defendant can make such a showing, and if the alleged false statement forms the basis for probable cause, the Fourth Amendment requires the Court to conduct a hearing at the defendant's request. If the defendant presents no proof that the affiant lied or recklessly disregarded the truth, the Court is not required to conduct a hearing. *See United States v. Mathison,* 157 F.3d 541, 548 (8th Cir.1998).

Gleich has not shown that Agent Pfennig made false statements knowingly and intentionally, or with reckless disregard for the truth. In fact, there has been no showing whatsoever that the affidavit of Agent Pfennig included any false information. In his affidavit of February 19, 2003, Agent Pfenning stated that "the computers of Doug Gleich, which was [sic] previously seized pursuant to a search warrant and is

[sic] currently in the custody of NDBCI" and that "the initial search warrant required the NDBCI to conduct an analysis of those computers." *See* Affidavit of Pfennig, ¶¶ 4, 6. The Court finds both of these statements accurately reflect the scope of the February 6, 2003, search warrant. As the Court has previously stated, the February 6, 2003, search warrant authorized the search of Gleich's home and his personal computer. The Court finds that Gleich has presented no proof that Agent Pfennig lied or recklessly disregarded the truth and also finds that a *Franks* hearing is not necessary. *See United States v. Mathison,* 157 F.3d 541, 548 (8th Cir.1998). In addition, the Court finds there was no *Franks* violation that invalidated the February 19, 2003, search warrant.

### F. *FRUIT OF THE POISONOUS TREE DOCTRINE*

Finally, Gleich argues that all of the evidence seized in violation of the Fourth Amendment should be suppressed as fruit of the poisonous tree. In light of the Court's findings that the three search warrants were properly obtained and properly executed, the Court finds that none of the evidence seized in connection with the three search warrants was obtained in violation of Gleich's Fourth Amendment rights. The request to exclude the evidence as fruit of the poisonous tree is moot.

### III. *CONCLUSION*

The Court **DENIES** Gleich's Motion to Suppress Evidence (Docket No. 15) and **DENIES** the request to hold a *Franks* hearing (Docket No. 23).

**IT IS SO ORDERED.**