# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2066

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Beatriz Carrillo-Diaz, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 15, 2010
Filed: January 21, 2010

_____

Before MURPHY and BYE, Circuit Judges, and GOLDBERG,[1] Judge.

_____

PER CURIAM.

Beatriz Carrillo-Diaz pleaded guilty to one count of knowingly using a fraudulent identification document to satisfy a requirement of the employment verification system, in violation of 18 U.S.C. § 1546(b)(1). The district court[2] sentenced Carrillo-Diaz to two months' imprisonment followed by three years of

_____

[1]The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

[2]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

supervised release. Carrillo-Diaz appeals, arguing the district court erred by denying her motion to suppress. We affirm.

On September 22, 2008, agents with the Drug Enforcement Administration obtained a search warrant for the property located at 21594 Gann Road in Gentry, Arkansas. The scope of the warrant extended to any vehicles "parked on the property." The warrant was supported by a 36-page affidavit which outlined an extensive drug-trafficking enterprise allegedly operated by Carrillo-Diaz's parents, Juan and Lucia Carrillo-Diaz. The affidavit contained assertions Juan Carrillo-Diaz was known to receive shipments of drugs hidden in vehicles. In addition, the affidavit asserted that Juan Carrillo-Diaz would often switch cars with other drug traffickers, leaving money in his vehicle while accomplices left drugs in other vehicles. Law enforcement officials observed Juan Carrillo-Diaz driving several different cars, but none among them was registered in his name.

The same day, law enforcement officials executed the search warrant. In the course of the search, an Immigration and Customs Enforcement agent searched Carrillo-Diaz's vehicle and discovered what was ultimately determined to be a counterfeit social security card bearing Carrillo-Diaz's name.

After a grand jury charged Carrillo-Diaz in a two-count indictment, she brought a motion to suppress the evidence discovered during the search of her car. Carrillo-Diaz primarily argued her vehicle was not parked on her parents' property and therefore was outside the scope of the warrant. The district court denied her motion, and Carrillo-Diaz pleaded guilty to one count of knowingly using a fraudulent identification document to satisfy a requirement of the employment verification system, in violation of 18 U.S.C. § 1546(b)(1), while preserving her right to appeal the district court's suppression order. On appeal, Carrillo-Diaz argues the warrant was facially invalid for violating the particularity requirement of the Fourth Amendment.

"To satisfy the particularity requirement of the fourth amendment, the warrant must be sufficiently definite to enable the searching officers to identify the property authorized to be seized." United States v. Horn, 187 F.3d 781, 788 (8th Cir. 1999). "The degree of specificity required will depend on the circumstances of the case and on the type of items involved." Id. The particularity requirement "is a standard of 'practical accuracy' rather than a hypertechnical one." United States v. Peters, 92 F.3d 768, 769-70 (8th Cir. 1996) (quoting United States v. Lowe, 50 F.3d 604, 607 (8th Cir. 1995)).

When reviewing a motion to suppress, we review de novo the district court's determination that probable cause existed. United States v. Maltais, 403 F.3d 550, 554 (8th Cir. 2005). We review the district court's factual findings under a clearly erroneous standard. United States v. Lebrun, 261 F.3d 731, 733 (8th Cir. 2001). We will affirm the denial of a suppression motion "unless we find that the decision is unsupported by the evidence, based on an erroneous view of the law, or the Court is left with a firm conviction that a mistake has been made." United States v. Madrid, 152 F.3d 1034, 1037 (8th Cir. 1998) (citation and internal quotation marks omitted). In addition, because Carrillo-Diaz failed to raise the particularity argument before the district court, we review for plain error.[3]

Carrillo-Diaz argues the warrant should have been limited to searches of vehicles owned by her parents. This argument is without merit. The affidavit supporting the warrant demonstrated that much–if not all–of the drug trafficking

---

[3]The government argues Carrillo-Diaz's particularity argument is waived entirely because she failed to challenge the warrant on particularity grounds before the district court. This court has "not yet decided whether the failure to raise a suppression matter in a timely pretrial motion precludes plain error review." United States v. Cardenas-Celestino, 510 F.3d 830, 833 (8th Cir. 2008). Because we hold the plain error standard is not met in this case, we decline to address the government's argument on this matter.

activity involving motor vehicles did not involve vehicles owned by Juan or Lucia Carrillo-Diaz.  In light of this fact, it was reasonable for the government to seek a warrant not limited to vehicles owned by Juan or Lucia Carrillo-Diaz.  In addition, the warrant was limited in scope by limiting searches only to vehicles parked on the property.  We hold the district court did not err by suppressing the evidence on the grounds the warrant was facially overbroad.

We affirm.

_____