# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1053
_____

Brent Michael Smith

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: December 14, 2022
Filed: March 23, 2023
_____

Before LOKEN, MELLOY, and KOBES, Circuit Judges.
_____

LOKEN, Circuit Judge.

Between 1992 and 1996, Brent Smith, a young adult, incurred seven felony convictions, including Minnesota burglary and theft convictions and Iowa theft and driving while intoxicated convictions. Now, Smith is a rehabilitated, well educated family man living in Minnesota and employed as an IT systems engineer for a prominent Minnesota employer. Seeking to purchase firearms, he successfully petitioned a Minnesota state court to restore his right to possess firearms under the

Minnesota restoration of rights statute, Minn. Stat. § 609.165, subd. 1d. He was then granted the right to purchase and a permit to carry by local Minnesota governments. But no federally licensed dealer will sell him a firearm. Federal law will not let them do that, the FBI advised Smith, because "the Minnesota Restoration of Rights does not restore federal firearm rights for felony convictions listed on your Iowa state record."

Invoking the civil remedy Congress created in the Brady Handgun Violence Prevention Act,[1] Smith then filed this civil action against the United States under 18 U.S.C. § 925A seeking an order allowing him to purchase firearms and directing the FBI to correct the allegedly erroneous information that he is ineligible to possess a firearm in Minnesota. The district court[2] granted the government's motion to dismiss, concluding that controlling Supreme Court and Eighth Circuit decisions establish that "[t]he Minnesota restoration of rights did not affect his Iowa convictions and thus, did not affect the federal limitation on Smith's rights to possess a firearm." See Beecham v. United States, 511 U.S. 368 (1994); United States v. Lowe, 50 F.3d 604 (8th Cir. 1995). Smith appeals. Agreeing with the district court that Beecham as construed by a panel of this court in Lowe is controlling, we affirm. Only the en banc court (or the Supreme Court) can overrule a prior panel's controlling decision.

**I.**

Both federal and state law extensively regulate the purchase and possession of firearms. As relevant here, federal law prohibits firearm possession by any person "convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1) (cleaned up). In determining what constitutes a

---

[1]Pub. L. No. 103-159, § 104(a), 107 Stat. 1536, 1543 (1993).

[2]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

conviction for a qualifying crime, 18 U.S.C. § 921(a)(20) contains what are referred to as a choice-of-law clause -- the "law of the jurisdiction in which the proceedings were held" -- and an exemption clause -- "any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction."

The Brady Act imposed criminal penalties on federally licensed dealers who transfer handguns to unlicensed persons without complying with extensive investigative and approval requirements.  See 18 U.S.C. § 922(s).  The Act also directed the Attorney General to establish the National Instant Criminal Background Check System (NICS), operated by the FBI, and required licensed firearm sellers to have NICS do a background check on any potential buyer prior to transferring a firearm.  See § 922(t).  NICS then determines whether the seller may proceed with the transaction.  See 28 C.F.R. § 25.6(c).

In this case, after receiving his Minnesota state court restoration of the right to possess firearms and ammunition, Smith made three attempts to purchase firearms between 2016-2020.  Despite the restoration in the State where he lives, each dealer refused to sell based on a NICS background check that showed unrestored Iowa felony convictions.  Smith argues that Minnesota's restoration of his right to own firearms removes all qualifying convictions, including his Iowa convictions, at least while he remains a Minnesota resident.  No reported case supports this contention.  Smith relies on the plain meaning of the exemption clause in 18 U.S.C. § 921(a)(20) -- "*any conviction* . . . for which a person . . . has had civil rights restored shall not be considered."  He argues that Beecham is distinguishable because it involved a federal court conviction and a state court restoration order.  "Additionally," he argues, "Beecham is from 1994 and needs review and proper re-interpretation."  He argues Lowe "was simply decided erroneously."  As the interplay of these federal and state statutes is hardly obvious, his contention requires a closer look at Beecham and Lowe before we conclude they are controlling.

## II.

In <u>Beecham</u>, the two petitioners appealed their § 922(g) convictions, arguing the prior felony convictions on which the government relied could not be considered because their rights had been restored in the States of conviction. The Supreme Court granted certiorari to consider an issue on which there was a conflict in the circuits -- whether "state restoration of civil rights could . . . undo the federal disability flowing from a federal conviction." 511 U.S. at 370. Overruling a prior decision of this court, the Court held that this issue is governed by the choice-of-law clause in § 921(a)(20) -- a qualifying conviction is determined by the "law of the jurisdiction in which the proceedings were held." <u>Id.</u> at 371. The Court held that the exemption clause in § 921(a)(20) on which Smith relies -- a conviction for which rights have been restored "shall not be considered a conviction" -- "refer[s] only to restorations of civil rights by the convicting jurisdiction." <u>Id.</u> at 372. Therefore, the Court concluded, "petitioners can take advantage of § 921(a)(20) only if they have had their civil rights restored under federal law." <u>Id.</u> at 374.

In <u>Lowe</u>, we applied <u>Beecham</u> to a federal prosecution in which the Armed Career Criminal Act penalty was applied to a Minnesota defendant who had one Minnesota and four Illinois prior felony convictions. Lowe appealed his sentence, arguing, based on our prior decision overruled in <u>Beecham</u>, that the law of Minnesota, his State of residence, can restore civil rights lost due to his unrestored Illinois convictions. 50 F.3d at 606. The Supreme Court decided <u>Beecham</u> while the appeal was pending. After additional briefing, we affirmed. We held that "[o]nly the convicting jurisdiction can restore civil rights to a convicted felon for purposes of section 921(a)(20). Illinois has not restored Lowe's civil rights." <u>Id.</u> at 607.

This case presents the issue in a different context. We are not reviewing a federal conviction or sentence. We are reviewing the denial of relief in a civil action seeking to establish Smith's right to buy and possess firearms. But the most

important principle is the same -- federal law governs the issue. Under federal law, Smith may not possess a firearm if he is a person "convicted *in any court*" of a qualifying crime. § 922(g)(1) (emphasis added). His prior Minnesota and Iowa felony convictions both qualify. <u>Beecham</u> teaches that, in evaluating whether rights have been restored, we look to the "law of the jurisdiction in which the proceedings were held." 511 U.S. at 371. <u>Lowe</u> held that "only the convicting jurisdiction can restore civil rights." 50 F.3d at 607. Therefore, the district court properly held that "the restoration of civil rights in Minnesota applied only to Smith's Minnesota convictions." As the Iowa convictions have not been restored, *under federal law* they continue to bar him from possessing a firearm.[3]

We agree with the district court that <u>Beecham</u> and <u>Lowe</u> are controlling. The judgment of the district court is affirmed.

---------------------------------

[3]Prior Iowa law did not prohibit convicted felons from possessing firearms, but the current restoration statute is restrictive and does not authorize judicial restorations like Smith obtained in Minnesota. <u>Compare</u> <u>Bell v. United States</u>, 970 F.2d 428, 429-30 (8th Cir. 1992), <u>with</u> Iowa Code Ann. §§ 914.1-.7.